JOSEPH J. FLYNN *vs.* RICHARD T. HOWARD.

Suffolk. May 18, 1914. — June 16, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & CROSBY, JJ.

*Assignment. Evidence,* Of Assignment, Competency, Presumptions and burden of proof. *Judgment. Practice, Civil,* Equitable defense, Order of proof.

In an action by a judgment creditor against one of three who were the judgment debtors, if the plaintiff alleges in the writ and declaration that he brings the action for the benefit of another person, who was an assignee of the judgment, and the defendant alleges and introduces evidence tending to show that one of the judgment debtors other than the defendant had paid for and was the real owner of the judgment, the assignee being merely the nominal owner, evidence as to the amount, nature, time and place of payment of the consideration of the assignment is admissible, and the burden is upon the plaintiff to prove, not only that the defendant owed the amount of the judgment, but also that the assignment to the person for whose benefit the action was brought was valid, and that the amount of the judgment was due to him.

In such action it is improper to exclude a record of the Superior Court, which the plaintiff offers to introduce in evidence at the close of his own case and again at the close of the cross-examination of the defendant and which shows that the defendant brought a suit in equity against the assignee of the judgment and the person whom the defendant alleged was the real owner of the judgment by assignment, seeking to have the action at law enjoined on the grounds set up in his answer in the action at law, and that the suit was heard by a judge, who, having found that the person named as assignee was the real owner of the assignment, caused a decree to be entered dismissing the suit from which no appeal was taken; because the evidence is offered seasonably and is competent upon the issue raised by the answer.

CONTRACT upon a judgment, the plaintiff alleging in the writ that he brought the action for the benefit of one Daniel C. Fletcher, assignee. Writ in the Municipal Court of the City of Boston dated March 12, 1912.

On appeal to the Superior Court, the case was tried before *Bell,* J. The plaintiff introduced a certified copy of a record of a judgment in the Superior Court, which showed that on December 14, 1906, the plaintiff recovered judgment in an action of contract for $700.55 against one John J. Walsh, one H. Theodore Fletcher and the defendant in this action.

The only other witness for the plaintiff was H. Theodore Fletcher.

Other material evidence is described in the opinion.

At the close of the evidence, the plaintiff asked the judge to rule as follows:

"1. On all the evidence the plaintiff is entitled to a. verdict for the amount of the judgment, with interest to date."

"3. The only question is, does the defendant owe the amount of the judgment?"

The judge refused to give such rulings. There was a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*C. W. Cushing,* for the plaintiff.

*J. Comerford,* for the defendant.

CROSBY, J. This is an action brought for the benefit of Daniel C. Fletcher, to recover the amount of a judgment rendered in the Superior Court in favor of the plaintiff Flynn against the defendant and John J. Walsh and H. Theodore Fletcher.

The plaintiff in his declaration alleges that while the original action was pending in the Superior Court he, in writing, assigned to Daniel C. Fletcher the cause of action mentioned therein and that "this action is brought for the use and benefit of said Daniel C. Fletcher." It therefore appears that the plaintiff Flynn is only nominally a party, and that the real party interested in recovering the amount of the judgment is the assignee Fletcher.

The defendant's amended answer alleges that " one H. Theodore Fletcher, who is a co-judgment debtor with himself and John J. Walsh, and upon which judgment this suit is based, paid for and is the equitable owner of said judgment though carrying the same in the name of Daniel C. Fletcher by assignment from Joseph J. Flynn."

The defendant contends that H. Theodore Fletcher paid for and is the equitable owner of the judgment, although the assignment was made to Daniel C. Fletcher, and that the latter has no interest either legal or equitable in the judgment.

1. In view of the issue raised by the pleadings as to whether Daniel C. or H. Theodore Fletcher was the real owner of the judgment under the assignment, evidence as to the consideration for the assignment, the amount thereof, the time and place of

payment and the other circumstances admitted in evidence, was all competent, and the plaintiff's exception to the admission of this evidence must be overruled.

2. The plaintiff's first request could not have been given. The burden was upon the plaintiff to prove his case, including proof of the validity of the assignment to Daniel C. Fletcher. This was a question for the jury upon all the evidence, including the reasonable inferences to be drawn therefrom.

3. The plaintiff's third request was rightly refused. Whether the defendant owed the amount of the judgment was a question involved in the case, but it was not the only one. It was for the jury also to determine whether the amount was due to Daniel C. Fletcher as assignee.

4. We are of opinion that the record in the equity suit should have been admitted in evidence, and that because of its exclusion by the judge the exceptions must be sustained. The bill in that suit was brought by this defendant against Daniel C. Fletcher and H. Theodore Fletcher, and alleged in substance that the "consideration for said assignment was paid for by H. Theodore Fletcher by his own money; and that H. Theodore Fletcher is the equitable owner of said judgment." The suit in equity was between the same parties upon the same issue as that raised in this case. The finding of the judge in that suit, which was in effect that Daniel C. Fletcher purchased the judgment with his own money and that H. Theodore Fletcher was not the equitable owner of the judgment, together with the entry of a final decree dismissing the bill, from which no appeal was taken, is conclusive and binding upon the parties in this action. The issue decided in the equity suit was identical with that raised by the amended answer in the case at bar. *Saco Brick Co.* v. *J. P. Eustis Manuf. Co.* 207 Mass. 312, 315, 316. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41. *Corbett* v. *Craven,* 193 Mass. 30. Nor was the record in the suit in equity incompetent upon the ground that it was not seasonably offered. It was a part of the plaintiff's proof and was first offered by him as a part of his case "at the close of the cross-examination of H. Theodore Fletcher, who was the sole witness for the plaintiff." The record shows that the plaintiff renewed his offer during the cross-examination of the defendant, and the evidence was again

excluded.   The evidence was competent and was seasonably offered.   Because of its exclusion the entry must be

*Exceptions sustained.*