JOSEPH PALUMBO *vs.* ALMO BAMBINI.

Suffolk.   October 5, 1936. — October 6, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Appeal.

Appeal does not lie to this court under G. L. (Ter. Ed.) c. 231, § 96, from a general finding by a judge of the Superior Court in an action at law heard without a jury solely upon the report of an auditor whose findings were not to be final.

TORT. Writ in the Municipal Court of the City of Boston dated January 21, 1935.

On removal to the Superior Court, the action was heard

without a jury by *Donnelly, J.*, who found for the defendant. The plaintiff appealed.

*S. Lieberson*, (*S. Stern* with him,) for the plaintiff.

*W. M. Brady*, for the defendant.

BY THE COURT. This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries alleged to have been received by him on a highway through the negligence or the wilful, wanton and reckless conduct of the defendant in operating an automobile. The case was referred under the usual rule to an auditor whose findings of fact were not to be final. The case was then submitted to a judge of the Superior Court, sitting without a jury, on the auditor's report without other evidence. The finding was for the defendant. The plaintiff appealed from that finding.

The case is not rightly here. This is not one of the cases which can be brought before this court by appeal. G. L. (Ter. Ed.) c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Mathews* v. *Hathaway Baking Co.* 284 Mass. 328.

It may not be inappropriate to add that, even if the case were rightly here, no error of law appears in the finding of the trial judge. *Fisher* v. *Doe*, 204 Mass. 34, 41. *Fisher* v. *Drew*, 247 Mass. 178, 180, 181.

*Appeal dismissed.*