ARMAND L. BOURGET *vs.* ALVIN R. HOLMES.

Worcester.   September 21, 1936. — March 29, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appeal.

In an action at law no appeal lies from an order, founded on a finding of facts, sustaining a "plea."

TORT. Writ in the Superior Court dated March 29, 1934.

The proceedings are described in the opinion. The denial of the "oral motion for jury trial" was by *Broadhurst,* J. The sustaining of the "plea" was by *Whiting,* J.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff, submitted a brief.

*H. Seder,* for the defendant.

RUGG, C.J. This is an action of tort. It is alleged in the declaration that the plaintiff, while employed as a truck driver by the defendant and in the performance of his duties, received personal injuries by reason of the negligence of the defendant, his agents or servants. Claim for trial by jury was made on the writ by the plaintiff. The defendant filed a plea wherein he denied liability and alleged that after the injury he entered into an agreement with the plaintiff whereby the latter received compensation during his disability and also medical attention at the expense of the defendant, that this agreement made between the parties was substantially in accordance with the provisions of the workmen's compensation act, and that the plaintiff

was bound by the terms of the agreement. This agreement was pleaded as a bar to the plaintiff's cause of action. Under date of February 14, 1935, there is in the record, apparently indorsed on the back of the plea, this statement signed by a judge of the Superior Court: "Plaintiff's oral motion for jury trial of issues raised by the within plea is denied after hearing, because no claim for jury trial thereof was made as required by Rule 44. Plaintiff excepts." Under the same date there was also filed this: "Plaintiff's Claim of Exceptions. The plaintiff having claimed an exception in open court immediately upon the ruling of the court made upon the defendant's plea, now immediately reduces his claim of exceptions to writing; the plaintiff's exception is upon two grounds: 1. Plaintiff did not rely upon oral motion addressed to discretion of court. 2. The plaintiff did insist upon his right to a trial by jury upon the issues raised by said plea because he had originally claimed a trial by jury endorsed upon the writ at entry of same in this court." This was signed by the attorneys for the plaintiff but was not signed nor allowed by any judge. Under date of February 26, 1936, there is in the record, signed by another judge of the Superior Court, this statement: "After hearing on the merits the within plea is sustained. I find as facts that the agreement set forth in the plea was entered into and that the defendant had performed his part prior to the bringing of this action." On March 16, 1936, the plaintiff filed an appeal to the full court "from the order and findings entered on February 26, 1936, sustaining the defendant's plea and certain findings made . . ."

The matter set up in the plea was in substance an accord and satisfaction. *Curley* v. *Harris*, 11 Allen, 112. *Stimpson* v. *Poole*, 141 Mass. 502. It does not appear that the injury to the plaintiff was compensable under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 46, is not shown to be applicable and does not on the facts disclosed render invalid the agreement set forth in the plea. If the plaintiff felt aggrieved because not accorded a trial by jury, he should have raised that question by a bill of exceptions duly allowed by the judge who made the ruling.

*O'Loughlin* v. *Bird,* 128 Mass. 600.  *Brooks* v. *Shaw,* 197
Mass. 376.  Sufficient facts are not set out on the face of
the record and adequately verified by the presiding judge
to show error of law touching trial by jury.  *Oliver Ditson
Co.* v. *Testa,* 216 Mass. 123.  Moreover, the appeal is di-
rected not to the action of the judge on February 14, 1935,
but to that taken on February 26, 1936.  It was not filed
within the required time to affect the action taken on Feb-
ruary 14, 1935, even if that were reviewable on appeal.

The case is not before us on a bill of exceptions.  No bill
of exceptions has been allowed by any judge.  The paper
signed by the judge was not signed in behalf of the plain-
tiff as the excepting party.  Manifestly, it is not a report
by the judge of any point of law for the consideration of
this court.  The paper signed in behalf of the plaintiff is
not signed by any judge.  *Witherington* v. *Eldredge,* 264
Mass. 166, 172.  The case is not rightly before us on ap-
peal.  It does not belong to any class of cases which can
be brought to this court by appeal.  The decision and ju-
dicial action specified in the appeal rested upon a finding
of fact and not upon any matter of law apparent on the
record.  *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass.
133, 134.  *Mercadante* v. *Aldorasi,* 295 Mass. 596.  *Palumbo*
v. *Bambini,* 295 Mass. 427.

*Appeal dismissed.*