# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

JOHN GALLO *vs.* GEORGE F. FOLEY, administrator.

Worcester.   September 27, 1937. — December 2, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Appeal, Abatement, Record. *Pleading, Civil,* Declaration, Demurrer, Answer. *Limitations, Statute of.*

The defence that an action at law against an administrator is barred by the short statute of limitations cannot be taken by demurrer even if it appears from the declaration that the action was not brought within the time so limited; and therefore demurrer did not lie where the declaration contained a recital of facts intended to meet the anticipated defence of the statute, even if the facts so recited were insufficient in law for that purpose.

A so called "plea in bar," setting up *res judicata* as a defence to an action at law, was treated as an answer.

An appeal did not lie in an action at law from an order for judgment for the defendant upon the ground of *res judicata* where the order was not founded upon matter of law apparent on the record but was based upon facts not incorporated in the record.

The attaching to a pleading in a proceeding of a certified copy of the record in a previous proceeding did not without more establish the recitals in the copy as facts in the later proceeding.

TORT.   Writ in the Central District Court of Worcester dated February 10, 1937.

On removal to the Superior Court, *Burns,* J., sustained

a demurrer to the declaration, and a so called "plea in bar," and ordered the action dismissed. The plaintiff appealed.

*F. P. McKeon*, for the plaintiff.

*C. C. Milton*, (*R. C. Milton* with him,) for the defendant.

FIELD, J. This is an action of tort brought by writ dated February 10, 1937, against George F. Foley, as he is administrator of the estate of Allan G. Ashton. The declaration as amended alleges in substance that on or about January 12, 1932, the plaintiff, while lawfully using a public highway, was injured as the result of the negligent operation of an automobile by the defendant's intestate, and alleges further that this "action is brought under the provisions of" G. L. (Ter. Ed.) c. 197, § 12.

The defendant demurred on three grounds: The first, "That the matters contained in the plaintiff's declaration are insufficient in law to enable the plaintiff to maintain his action," and the third, "That the plaintiff's declaration sets forth no allegations of facts entitling him to bring his action under the provisions of" G. L. (Ter. Ed.) c. 197, § 12. The defendant also filed a so called "Defendant's plea and motion for judgment for the defendant" in which he alleges that the plaintiff had brought an action of tort "against the defendant in this action for the same cause of action and damage set forth in the declaration in the present case," that the action was tried and judgment thereon was entered in accordance with a rescript of this court, "all of which appears according to the attested copies of the docket entries of said Superior Court, the writ, declaration, defendant's answer, defendant's motion to amend answer and rescript hereto annexed," and "that the aforesaid judgment is a bar to the plaintiff's action and he cannot recover in this action," and "moves that the court enter judgment for the defendant."

The trial judge sustained the demurrer on the first and the third grounds thereof, and on the same day made an order, "Defendant's plea in bar is sustained. Case ordered dismissed." The plaintiff appealed "from the order of the court . . . sustaining the defendant's demurrer and plea in bar."

First.   The appeal brings before us for review the order sustaining the demurrer.   Such an appeal was specifically authorized by G. L. (Ter. Ed.) c. 231, § 96, and entry thereof in this court was authorized by that section since the case, except for this appeal, was "ripe for final disposition by the superior court" in accordance with the order sustaining the demurrer.   *Morrill* v. *Crawford*, 278 Mass. 250, 252.

The order sustaining the demurrer was error.

The declaration contains the allegations essential to an ordinary action of tort for negligence in the operation of a motor vehicle.   See G. L. (Ter. Ed.) c. 231, § 147, Form 13. It appears, however, that the action was brought against the administrator for the negligence of his intestate.   Such an action must be "commenced within one year from the time of his giving bond" (G. L. [Ter. Ed.] c. 197, § 9, as amended by St. 1933, c. 221, § 4), with qualifications not here material.   But the plaintiff was not required to allege in his declaration that the action was so commenced.   The defence, in an action at law, of the short statute of limitations must be set up in the answer if it is to be availed of, though if so pleaded the burden is cast upon the plaintiff of proving that the action was commenced seasonably. *Breen* v. *Burns*, 280 Mass. 222, 228.   Even where it appears from the declaration that the action was not commenced within the time limited, the defence cannot be taken by demurrer.  *Sawyer* v. *Boston*, 144 Mass. 470, 472.  *Hodgdon* v. *Haverhill*, 193 Mass. 327, 330.   *Miller* v. *Aldrich*, 202 Mass. 109, 113.   The declaration, therefore, was good against demurrer unless made bad by the reference therein to G. L. (Ter. Ed.) c. 197, § 12.

G. L. (Ter. Ed.) c. 197, § 12, provides in part that "If an action commenced against an executor or administrator before the expiration of one year from the time of his giving bond fails of a sufficient service or return by an unavoidable accident, [or] if the writ in such action is abated or defeated in consequence of a defect in the form thereof or of a mistake in the form of the proceeding . . . the plaintiff may commence a new action for the same cause within one

year after the abatement or other determination of the original action." No cause of action arose under this section. It merely authorizes "a new action for the same cause" and extends the time within which such an action may be brought, removing the bar of the short statute of limitations. Allegations of fact which bring the case within the terms of this section are not essential to a statement of the cause of action. Such facts are to be shown to remove the bar of the short statute of limitations if properly pleaded. *Hodgdon* v. *Haverhill*, 193 Mass. 327, 330. The reference in the declaration to G. L. (Ter. Ed.) c. 197, § 12, was made in anticipation of this defence. This reference, however, did not bring into the declaration allegations of fact showing that the action was not commenced seasonably. But even if it had done so the defence could not be taken by demurrer. And it was not taken by answer. The inclusion of the reference in anticipation of the defence of the short statute of limitations is not ground for demurrer. *Brocklehurst* v. *Marsch*, 225 Mass. 3, 6. Where, as here, this defence was not pleaded the reference to said § 12 was merely surplusage. Consequently it is immaterial whether or not the declaration alleged facts sufficient to meet the defence of the short statute of limitations if it had been set up in an answer. The declaration was not bad on demurrer by reason of the reference therein to G. L. (Ter. Ed.) c. 197, § 12.

Second. The appeal does not bring before us for review the order relating to the so called "plea in bar."

The so called "plea in bar" contains matter proper for an answer setting up a former judgment in avoidance of the action and, though wrongly entitled (since pleas in bar in actions at law are abolished), is to be treated as an answer in accordance with its true nature. See G. L. (Ter. Ed.) c. 231, § 22; *Foye* v. *Patch*, 132 Mass. 105, 109–110; *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110; *Di-Ruscio* v. *Popoli*, 269 Mass. 482, 486.

An appeal can be taken from an order of the Superior Court in an action of law only from (a) an order "sustaining or overruling a demurrer which alleges that the facts

stated in the pleadings demurred to do not in law support or answer the action," (b) "an order for judgment upon a case stated," or (c) an "order decisive of the case founded upon matter of law apparent on the record." G. L. (Ter. Ed.) c. 231, § 96. The order here in question was not an order of any of the kinds here described. It did not sustain or overrule a demurrer. And there was no case stated.

Furthermore, even if the order was "decisive of the case" it was not "founded upon matter of law apparent on the record." The order, "plea in bar is sustained. Case ordered dismissed" — though not aptly expressed as applied to an action at law — was in substance an order for judgment for the defendant based on the defence of *res judicata*. This order — in the absence, as here, of anything in the record limiting its scope — imports, not merely that the defence set up was sufficient in law if proved, but that this defence was established as a matter of fact. The order, therefore, was not "founded upon matter of law apparent on the record," unless the facts on which it was based were incorporated in the record.

The fact essential to establish the defence of *res judicata* was the existence of a judgment in a former action conclusive upon the parties to the present action. Whether the judgment is conclusive depends, however, on the proceedings in the action in which it was obtained as shown by the record thereof (*Farnum* v. *Brady*, 269 Mass. 53, 55), which cannot be contradicted or varied (*Haskell* v. *Cunningham*, 221 Mass. 49, 53, *Bryer* v. *American Surety Co.* 285 Mass. 336, 337–338), but which may be explained by extrinsic evidence in an appropriate case. *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 160. *Wight* v. *Wight*, 272 Mass. 154, 156. But the record of the proceedings in a former action, though brought in the same court, is not a part of the record in a later action unless made so in some proper way. Here the record of the proceedings in the former action was not made a part of the record in the pending action unless by the annexation to the so called "plea in bar" of certified copies of the record of such proceedings. Proof of such a record ordinarily is

made by certified copy. *Flynn* v. *Howard,* 218 Mass. 245, 247–248. See *Fitch* v. *Randall,* 163 Mass. 381. The defendant, however, by annexing to the so called "plea in bar" certified copies of the record of the proceedings of the former action, though doubtless thereby incorporating them in the record of the present action for the purposes of pleading, did not thereby incorporate therein, as an established fact, the record of such proceedings, even though such copies, if introduced in evidence, would have been conclusive of the facts shown thereby. See *Day* v. *Crosby,* 173 Mass. 433, 435–436. And it does not appear that the plaintiff admitted the truth of the allegations in the so called "plea in bar." On the contrary, so far as the record goes, these allegations were denied. G. L. (Ter. Ed.) c. 231, § 34. Rule 26 of the Superior Court (1932). The facts on which the order was based, therefore, were not incorporated in the record. And after a trial on the facts, which the order imports was had, a question of the sufficiency of the pleadings, not shown by the record to have been specifically raised or passed upon, is not open for the purpose of reversing the decision of the trial judge. In this respect the plaintiff stands in no better position on appeal than on a report or a bill of exceptions. *Weiner* v. *D. A. Shulte, Inc.* 275 Mass. 380, 384–385. *Allen* v. *Kilpatrick,* 277 Mass. 237, 241. The sufficiency or insufficiency of the pleadings was not "matter of law apparent on the record" on which the order was founded.

Where, as here, the facts on which the order was based were not incorporated in the record by admission by pleading or by a statement of agreed facts (see *Frati* v. *Jannini,* 226 Mass. 430, 432), the order could be reviewed only on a report by the trial judge or a bill of exceptions. Appeal does not lie. *Powdrell* v. *DuBois,* 274 Mass. 106, 108. *Palumbo* v. *Bambini,* 295 Mass. 427. *Bourget* v. *Holmes,* 297 Mass. 25, 27.

The question argued at the bar whether the action can be maintained under G. L. (Ter. Ed.) c. 197, § 12, if otherwise barred by the short statute of limitations, is not before us on the appeal on either branch of the case.

Apparently, so long as the order of the trial judge on the so called "plea in bar" stands, a reversal by this court of the order of the trial judge sustaining the demurrer will avail the plaintiff nothing. Nevertheless, on the appeal from this order — which is properly before us — he is entitled to have the order of the trial judge reversed.

> *Order sustaining demurrer reversed.*
>
> *Appeal from order sustaining "plea in bar" dismissed.*