**NATIONAL COAL & COKE CO. v. McELVAIN et al.**

No. 4937.

District Court, N. D. Texas, Dallas Division.
Jan. 10, 1938.

---

Phillips, Trammel, Chizum, Estes & Edwards, of Fort Worth, Tex., for plaintiff.

E. S. McCord, of Longview, Tex., for defendants.

ATWELL, District Judge.

The plaintiff sues on an Illinois judgment. Under the statutes of that state, one may confess a cause of action if and when instituted, on the obligation. Smith-Hurd Ill.Stats. c. 110, § 174. In the notes which were the basis of the Illinois judgment, the makers stipulated that any attorney at law, of record, of a court of record, in the state of Illinois, was authorized to confess judgment for them in the event of default.

The judgment roll shows that they appeared by attorney. It also shows an allowance by the court to such attorney. In one place there is a recital that the defendants appear by "their attorney in fact."

It is admitted that attorney Sellers, who really appeared, was, in fact, an attorney at law, of record, of the court of record which rendered the judgment in the state of Illinois. This, however, does not appear, as I have just indicated, in the judgment roll, but is shown by an admission aliunde.

The defendants contend for the rule of strict construction, Morrow v. Asher, D. C., 55 F.2d 365; Harvard Law Review May, 1933; Nardi v. Poinsatte, D.C., 46 F.2d 347, which is the law.

But in their cognovit actionem they provided for the identical person who, in fact, appeared for them. That his status is shown outside of the judgment roll is of no consequence, since there is no inconsistent recital in the roll to such showing. Flynn v. Howard, 218 Mass. 245, 105 N.E. 880. A plea of nul tiel record might prevent the plaintiffs from introducing any extrinsic evidence, since an inspection of the record is determinative. Hill v. Mendenhall, 21 Wall. 453, 88 U.S. 453, 22 L.Ed. 616; Bennett v. Morley, 10 Ohio 100. But the statement that the defendants appeared by "their attorney in fact," and by their "attorney" does not preclude their appearance, in complete line with their contract, by the attorney who did so appear, and the plaintiff may so show.

It is conceded by both sides that had the judgment roll described the attorney as an attorney at law, of record, of a court of record, speculation would have been useless. The facts show that that is exactly who appeared. That being true the amplification of the judgment roll is permissible.

An attorney in fact may, of course, be an attorney at law, even though every attorney in fact is not an attorney at law, and even though the jurisdiction of each is different. It merely happens that attorney Sellers is within the cognovit, notwithstanding his description as an attorney in fact, in one place in the roll.

Judgment will go for the plaintiff.