Nos. 128831, 128832 Municipal Suffolk, ss.
 128833, 128834

WHITCOMB FARMS, INC. (Paul T. Smith)
BUTLER MOTOR CORP. (Morton M. Lewis
ERNEST. E. JOHNSON, Admr and
LAWRENCE A. WALLACE et al Joseph H. Lewis)
v. ALIDA A. BUTLER (Harold Aronotsky)

From the Municipal Court of Boston—Cohen, J.

Argued April 28, 1941—Opinion filed Nov. 13, 1941

TOMASELLO, J. (Putnam, J., and Gillen, J.)—In actions of scire facias against one Alida A. Butler as administratrix of the estate of George W. Butler and against Alida A. Butler individually, the said Alida A. Butler having been served as a trustee of John P. Butler, heir and next of kin of the deceased George W. Butler, filed answer to the effect that by reason of an assignment in writing previously made by said John P. Butler to one Maurice Bean of the entire remaining interest of said John P. Butler in the estate of said George W. Butler the distribution to John P. Butler out of said estate became subject to the said assignment and that there were no goods,

effects or credits in the possession of said Alida A. Butler or said John P. Butler.

In the scire facias proceedings the said Maurice Bean appeared and answered as claimant claiming under said John P. Butler.

The evidence indicates that said Alida A. Butler, as administratrix, brought a suit in tort against an individual to recover damages for the death and conscious suffering of said George W. Butler. Thereafter on December 9, 1939, the terms of a compromise settlement were agreed to between the attorney representing the administratrix and the insurance company appearing for the defendant in the tort action, said agreement being in the sum of $2,500.00 and without any provision as to what part should be considered as damages for conscious suffering or as damages for death.

On December 7, 1939, said Maurice Bean made a payment to said John P. Butler of a sum in cash and received a written assignment on December 11, 1939, dated the same date, in consideration of said payment and the release of a claim against said John P. Butler for personal services rendered by him. The original trustee process was served upon the trustee Butler on February 13, 1940.

Upon a petition filed in the Middlesex Probate Court to determine the title to the funds obtained, the administratrix was instructed by decree on June 14, 1940, to hold a portion of said fund for distribution to the next of kin among whom was John P. Butler.

Interrogatories and answers thereto indicated that an agreement for judgment on the tort claim was filed in Court and the check in settlement was received either on December 9, 1939, or December 13, 1939. The answers did not state when the agreement for judgment was entered into or filed.

The question raised by the request numbered 5, as denied by the trial judge, is whether in an action for personal injuries of a deceased, (in the absence of positive evidence of an agreement for judgment), an agreement for compromise made prior to the execution and delivery of the assignment with payment pursuant to the terms of compromise being made at or about the same time, was liquidated, so as to be the subject matter of assignment.

The burden of proving the validity of an assignment is upon the assignee, and the question of its validity is one of fact upon all the evidence for the trial judge, including the reasonable inferences to be drawn therefrom. *Flynn* v. *Howard*, 218 Mass. 245.

Although it is generally true that a claim for personal injuries is not assignable and is not property which can be reached at law by trustee process or in equity by a bill to reach and apply before judgment has been entered (*Wilde* v. *Mahoney*, 183 Mass. 455) nevertheless, acceptance of a promise of settlement, relied upon by the plaintiff for the only remedy, con-

[ 155 ]

stitutes a satisfaction of the tort claim. *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 307. Furthermore, the compromise of a disputed or unliquidated claim is founded on a sufficient consideration and enforceable. *Sherman* v. *Sidman,* 300 Mass. 103, 105.

It is our opinion that the trial judge was warranted upon all the evidence in finding that the compromise in issue was freely made, relied upon as the only remedy by the parties, founded on a sufficient consideration and as such was assign-able.

Ordered:—Report dismissed.