JOHN P. MURPHY *vs.* BOARD OF PUBLIC WELFARE OF BROCKTON. November 4, 1942. Order dismissing appeal from order dismissing the petition affirmed. This petition for a writ of mandamus was brought in the Superior Court. G. L. (Ter. Ed.) c. 213, § 1A (see St. 1941, c. 180); c. 249, § 5, as amended. The case was referred to a person described as a "master" who filed a report. A judge of the Superior Court found the facts as stated in the report and ordered the petition dismissed. The petitioner appealed from this order. Another judge of the Superior Court, on motion of the respondents, dismissed the appeal. From this order the petitioner appealed. The question of law presented by the second appeal was clearly "apparent on the record," and since, in any event, the result to the petitioner will be the same, without further discussion we treat the appeal as before us under G. L. (Ter. Ed.) c. 231, § 96, and consider the question of law, whether the first appeal was dismissed rightly. It was dismissed rightly. Since a petition for a writ of mandamus is a proceeding at law (*Mansfield* v. *Secretary of the Commonwealth*, 228 Mass. 262, 264; *Amory* v. *Assessors of Boston*, 309 Mass. 162, 163), no appeal lies unless under G. L. (Ter. Ed.) c. 231, § 96, and obviously not under that section unless the order dismissing the petition was an "order decisive of the case founded upon matter of law apparent on the record." The order dismissing the petition was not so founded. It was founded upon a finding of facts by the judge on the report of the so called "master," which, since the proceeding is at law, is in effect an auditor's report. The report must be treated in accordance with its true nature. See *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. An auditor's report, where, as here, the findings are not to be final, is not a part of the record. *Norman* v. *Barnes*, 298 Mass. 434, 438. Consequently this appeal did not lie. *Palumbo* v. *Bambini*, 295 Mass. 427, 428. The appeal, therefore, was not properly on the files of the Superior Court, and it was proper practice for a judge of that court to dismiss it. See *Day* v. *McClellan*, 236 Mass. 330, 331; *Gallagher* v. *Atkins*, 305 Mass. 261, 263.

The case was submitted on briefs.

*W. F. Stephens,* for the petitioner.

*H. C. Gill,* City Solicitor, for the respondents.