MARIA BOUDREAU, administratrix, *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

Suffolk. November 5, 1943. — February 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil,* Amendment, Parties. *Pleading, Civil,* Declaration, Admission of facts. *Executor and Administrator,* Action by personal representative.

An allegation in a writ and a declaration in an action of tort for causing death through negligence, that the plaintiff was "administratrix of the estate" of a nonresident, without any statement as to the State in which she was appointed, must be construed to mean that she had been appointed in Massachusetts and was qualified to bring the action here.

Failure by the defendant in an action to file within the time specified in G. L. (Ter. Ed.) c. 231, § 30, a special demand for proof of an allegation by the plaintiff construed as meaning that she brought the action as administratrix of the estate of a nonresident appointed in Massachusetts incontrovertibly established that allegation as the fact notwithstanding that in truth the plaintiff's appointment had been in another State.

An action, even if originally brought by an individual who merely alleged herself to be an administratrix, but in fact was such only by appointment in another State, was not a nullity from the beginning so as to

prevent the court, upon a subsequent appointment of the same individual as administratrix in Massachusetts, from allowing an amendment designating her as such.

An action by the administratrix of the estate of a nonresident, with a declaration containing allegations that in a town in Massachusetts the intestate was struck and killed by a vehicle through negligence of the defendant, that the plaintiff was "put . . . to loss and expense" and that the action was brought "in behalf of the heirs of" the intestate, might properly be found to have been intended to be brought for recovery under the Massachusetts death statute, G. L. (Ter. Ed.) c. 229, § 5, as amended, and an amendment showing specifically that the action was brought under that statute was not improper under c. 231, §§ 51, 138.

TORT. Writ in the Municipal Court of the City of Boston dated July 15, 1940.

The original declaration was as follows: "Now comes the plaintiff in the above entitled action and says that she is the duly appointed administratrix of the estate of Charles L. Boudreau, late of Pawtucket, County of Providence, and State of Rhode Island; that said suit is brought in behalf of the heirs of said deceased: that on or about September 2, 1939, said defendant was a corporation, owning, controlling and operating buses in connection with its business: that on or about September 2, 1939, said deceased, Charles L. Boudreau, while in the exercise of due care, was rightfully and lawfully walking on East Washington Street, in the Town of Attleboro, County of Bristol, and Commonwealth of Massachusetts: that then and there by reason of the negligence and carelessness of the defendant's agents or servants in charge of and operating said defendant's bus, said bus struck said deceased, Charles L. Boudreau, thereby causing the death of said deceased, and put said administratrix to loss and expense."

Upon removal to the Superior Court, an amendment of the writ and declaration was allowed by *Fosdick*, J., and the defendant alleged exceptions.

*J. J. Whittlesey*, for the defendant.

*J. H. Baldwin*, for the plaintiff.

QUA, J. This is an action to recover for the death of the plaintiff's intestate, which occurred on September 2, 1939. The writ, dated July 15, 1940, and the declaration originally

filed described the plaintiff as "administratrix of the estate of Charles L. Boudreau, late of Pawtucket, County of Providence, and State of Rhode Island." The declaration stated that the action was brought in behalf of the "heirs" of the deceased. The defendant answered by a general denial and an allegation of contributory negligence. From facts stated in the bill of exceptions it appears that when the action was brought the plaintiff had been appointed administratrix of the estate of the deceased in Rhode Island, and that on January 2, 1941, nearly six months after the action was brought, she was appointed special administratrix in this Commonwealth. After the latter appointment she was allowed to amend her writ by striking out the description of the plaintiff therein and by describing the plaintiff as the "special administratrix within this Commonwealth" of the estate of the deceased, and to amend her declaration by alleging her appointment in this Commonwealth, by stating that the action was brought to the use of the next of kin instead of in behalf of the heirs, and by adding a specific reference to the Massachusetts death statute, G. L. (Ter. Ed.) c. 229, § 5, last amended by St. 1941, c. 504, § 3. Both declarations alleged that the negligence of the defendant caused the death of the deceased. The original declaration contained a further allegation, omitted in the amended declaration, that the administratrix had been put "to loss and expense." The defendant excepted to the allowance of the amendments.

The defendant first contends that, since a foreign administrator cannot as such maintain an action in this Commonwealth (*Brown* v. *Boston & Maine Railroad*, 283 Mass. 192, 195; *Old Colony Trust Co.* v. *Clarke*, 291 Mass. 17, 23), the original writ was of no validity; that when the writ was taken out there was nobody who could bring the action; that it is like an action brought in the name of a dead person; that the action was "a mere nullity" from the beginning; and that there was nothing to amend.

We think this contention unsound. It is provided by G. L. (Ter. Ed.) c. 231, § 30, that "If it is alleged in any civil action or proceeding that a party is an executor, admin-

istrator, . . . such allegation shall be taken as admitted unless the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, a special demand for its proof." In this case it was alleged in the original writ and declaration that the plaintiff was the administratrix of the estate of the deceased. It was not alleged that she had been appointed in another State. The allegation must therefore be construed to mean that she was appointed in this Commonwealth and was qualified to bring the action. *Langdon* v. *Potter*, 11 Mass. 313, 314. *Brigham* v. *Coburn*, 10 Gray, 329, 331. It does not appear that the defendant filed any special demand for proof as required by the statute. It answered generally to the writ and declaration. Consequently, by the terms of the statute, the allegation must be "taken as admitted," and the defendant cannot deny it at any later stage in the case. Not to take this position would be to fail to accord to the statute the effect which the Legislature intended it should have. No doubt the statute is predicated upon the belief that the allegations to which it refers are nearly always true, and that insistence upon their being proved at the trial is nearly always mere obstruction. Nevertheless, in order to make the statute effective, it must be allowed to operate fully in those rare instances where the allegations are not true. In the absence of the demand for proof, a party who has alleged that he is administrator acquires, for the purposes of the action, a status equivalent to that of administrator. In *Hirrel* v. *Lacey*, 274 Mass. 431, an action under the death statute, it was held that the defendant could not rely upon "the narrow and technical but sound defence that the plaintiff was not administrator of the estate of the decedent at the time the writ was sued out," where there had been no demand for proof under the statute. (Page 436.)

Even apart from any admission under G. L. (Ter. Ed.) c. 231, § 30, this is not a case where there was no plaintiff in existence when the action was brought. The plaintiff was a live person in whatever capacity she was acting or purporting to act. The question was whether she had the

capacity to maintain the action. She could assert that she had and could bring the action and try the issue of her competency to maintain it. The action was therefore not a mere nullity but was from the first a genuine lawsuit and an adequate basis for an amendment alleging an appointment in the State of the forum when such appointment was secured. Before the enactment of what is now G. L. (Ter. Ed.) c. 231, § 30, and under the system of pleading before the practice act, it was held that the defence that one suing as administrator had been appointed only in a foreign State was lost, if not specially pleaded, and if it was not pleaded either in abatement or in bar the action could go on. *Langdon* v. *Potter*, 11 Mass. 313. And in *Dearborn* v. *Mathes*, 128 Mass. 194, at page 195, Chief Justice Gray said, "The objection that the original action could not be maintained, for want of the issue of letters of administration to the plaintiff in this Commonwealth before it was brought, could not be availed of without being pleaded, and affected only the capacity of the plaintiff to sue, and not the jurisdiction of the court." See further *Lewis* v. *Austin*, 144 Mass. 383; *Eaton* v. *Walker*, 244 Mass. 23, 30; *McCandless* v. *Furlaud*, 293 U. S. 67, 74-75; 21 Am. Jur., Executors & Administrators, § 984; *Leahy* v. *Haworth*, 141 Fed. 850, 853; *Reardon* v. *Balaklala Consolidated Copper Co.* 193 Fed. 189; *Lopez* v. *United States*, 82 Fed. (2d) 982, 987; *Williams* v. *Missouri Valley Bridge & Iron Co.* 111 Kans. 34.

The decisions in *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277, *Bateman* v. *Wood*, 297 Mass. 483, and *Chandler* v. *Dunlop*, 311 Mass. 1, are not in conflict with this decision. In each of these cases the action purported to be brought by or against a dead person. The case of *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, does not touch the present question. None of these cases involved the effect of G. L. (Ter. Ed.) c. 231, § 30. In *Brown* v. *Boston & Maine Railroad*, 283 Mass. 192, where an action for death under the Federal employers' liability act was prosecuted by a foreign administrator, the action was not treated as a nullity. From the original records of the case

it appears that the defendant in its answer in accordance with § 30 denied that the plaintiff was the administrator and demanded proof. This was not only a compliance with the statute, but it also took the place of the former plea in bar. *Gallo* v. *Foley*, 299 Mass. 1, 4. The decision proceeded upon the ground that the plaintiff had failed to prove a fact necessary to a recovery — the fact that he was the proper "personal representative" to bring the action under the Federal act. No contention was or could have been made that that fact had been established by failure to demand proof under G. L. (Ter. Ed.) c. 231, § 30, and the effect of that statute, if there had been no demand, was not considered by the court.

The defendant's second contention is that the record shows as matter of law that the cause of action set up in the amended declaration — a cause of action under the Massachusetts death statute — is not the cause of action for which the action was originally intended to be brought, and therefore that the amendment was improper under G. L. (Ter. Ed.) c. 231, §§ 51, 138. This contention cannot prevail. The ad damnum in the writ was placed at $15,000. The original declaration stated that the action was brought in behalf of the "heirs" of the deceased, and that negligence of the defendant's agents or servants caused the death of the deceased. The further allegation that the administratrix was put to "loss and expense," whatever its purpose, does not necessarily limit the action to one for "loss and expense." There is nothing in the record that precluded a finding that the action was originally brought to recover for the death under whatever statute was applicable. The Massachusetts death statute was the only one applicable, and, for all that appears, the judge could find that the plaintiff intended to avail herself of that statute from the beginning. See *Gallagher* v. *Wheeler*, 292 Mass. 547, 550–552. It may be proper to add that in so far as the amendments recognized the plaintiff in her new capacity as Massachusetts administratrix they did no more than confirm what the defendant had already admitted by failing to demand proof under § 30.

*Exceptions overruled.*