FALL RIVER TRUST COMPANY *vs.* B. G. BROWDY, INC.

Bristol. November 7, 1963. — January 7, 1964.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Assignment. Uniform Commercial Code. Practice, Civil,* Case stated, Stipulation, Rehearing.

A stipulation in an action that the facts set forth in an auditor's report were "agreed upon" as "the sole and only facts to be considered" presented a case stated.   [615]

Where, in an action upon accounts receivable assigned to the plaintiff, it appeared that the defendant asserted and had a claim against the assignor and that the case was governed by § 9–318 (1) of the Uniform Commercial Code, G. L. c. 106, but the record did not disclose facts showing whether (a) or (b) of subsection (1) was applicable or the determinative facts in connection with (b) if applicable, the case was remanded to the trial court for ascertainment of the necessary facts.   [615–616]

A stipulation in an action presenting a case stated which omitted certain facts essential to a determination of the issues was not conducive to justice and was discharged as to the facts to permit findings of the omitted facts on remand to the trial court, but the parties' waiver of questions of pleading by presenting a case stated was not discharged.   [617]

CONTRACT. Writ in the Second District Court of Bristol dated August 19, 1959.

Upon removal to the Superior Court the action was heard by *Gourdin,* J., on an auditor's report.

*Alfred Sigel* for the defendant.

*William B. Sullivan* for the plaintiff.

WHITTEMORE, J.   This is the defendant's appeal from an order for judgment for the plaintiff for $7,596.93 in an action on assigned accounts.   The defendant declared in set-off to the extent of the plaintiff's claim — in count 1 for the value of goods delivered to the plaintiff's assignor subject to the defendant's order and not returned, and in count 2 for money had and received.

The case was heard in the Superior Court on the facts set out in a report of an auditor whose findings were not to be final.   It was stipulated, however, that the facts set forth in the report were "the sole and only facts to be considered" by the judge, "the said facts being agreed upon."

The agreement as to the facts presented a case stated. *Quintin Vespa Co. Inc.* v. *Construction Serv. Co.* 343 Mass. 547, 551–552.   It is our duty to order the correct judgment on the auditor's report.   *Ibid.*   We may draw inferences. G. L. c. 231, § 126.   The facts, however, are inadequate for a conclusion.

The facts shown by the auditor's scanty report are these: Watuppa Finishing Corp. (Watuppa) was engaged in the dyeing and finishing business in Fall River and was adjudicated a bankrupt in July of 1959.   The defendant (Browdy) from time to time delivered goods to Watuppa for dyeing and finishing.   "Watuppa had an arrangement with the bank under which the bank advanced money from time to time and took assignments of accounts receivable as security and notified Browdy of the assignment in each instance before payment, and payment was made by Browdy to the bank in each instance, excepting the unpaid accounts" in litigation.   These are the accounts outstanding at the time of the bankruptcy in the amount of $9,496.16 assigned as security for advances of $7,596.93.   The accounts represent work done on goods delivered to Watuppa between February 6, 1959, and June 6, 1959.   These accounts were assigned to the bank on various days from June 12 through June 26, 1959.

The auditor found that Watuppa had received from Browdy 89,199 yards of goods valued at $42,393.10, that

these goods had not been returned, and that "Watuppa owes Browdy at least $7,596.93 . . .." The financing statements required by G. L. c. 106, § 9–302 (1), were duly executed and filed October 8, 1958.

The case is governed by G. L. c. 106, § 9–318 (1). Browdy contends that it is to be inferred that the $42,393.10 represents the goods delivered to Watuppa between February 6, 1959, and June 6, 1959. If this were so and the missing goods were processed under the contracts which gave rise to the assigned accounts, it would make no difference when the plaintiff gave Browdy notice of the assignment. The rights of the assignee would be subject to any defence or claim arising from the terms of the bailment contract between the assignor and the account debtor regardless of notice. G. L. c. 106, § 9–318 (1) (a). However, the auditor's report does not show whether the missing goods were processed under the contracts which gave rise to the assigned accounts. The facts stated are insufficient satisfactorily to support an inference and we may not speculate.

If the goods now missing were other than those on which the accounts arose, G. L. c. 106, § 9–318 (1) (b), would be applicable and whether the bank's rights would be subject to Browdy's claim would hinge on whether Browdy's claim accrued before it received notice of the assignments. The auditor's report does not show when notice of the various assignments was sent or received nor does it show when the claim of the defendant accrued. The facts do not show, as the defendant contends, that its claim accrued at the time the goods were delivered to the assignor. The record fails to show whether the claim arose because the goods were destroyed as a result of the assignor's negligence (compare *Rourke* v. *Cadillac Auto Co.* 268 Mass. 7), or because the assignor intentionally departed from the terms of the bailment by an act inconsistent with the defendant's ownership (compare *Spooner* v. *Manchester,* 133 Mass. 270, 274–275), or because there was a contractual extension of the bailee's common law liability by an unconditional promise to return the goods (compare *Amiro* v. *Crowley,* 256 Mass. 53, 57).

Gamer *v.* Milton.

The stipulation that the facts of the auditor's report are the "sole and only facts" is discharged as not conducive to justice. *Symmes Arlington Hosp. Inc.* v. *Arlington,* 292 Mass. 162, 165. *Malone* v. *Bianchi,* 318 Mass. 179, 182–183. The waiver by the case stated of questions of pleading (*Collins* v. *Boston,* 338 Mass. 704, 711) is, however, not discharged. The parties have not attempted to present any such question (as, for example, the propriety of raising the defendant's claim by set-off) and the case should now be resolved on substantive issues.

The order for judgment is reversed and the case is remanded to the Superior Court for a determination of the necessary facts either on a recommittal or a new reference or by the court as it shall determine.

*So ordered.*