*Southern Division*

### A.B.C. LINEN SERVICE, INC.

### v.

### BRADEN-HARVEY CORPORATION
### d/b/a WHITE CLIFFS OF PLYMOUTH

(Argued: June 19, 1968—Decided: Oct. 4, 1968)

*Present:* Nash, C.J., Cox, Murphy, JJ.

Case tried to *Horrocks, J.* in the first District Court of Barnstable, No. 24334

*Cox, J.* In this action to recover for the loss of rented linens there was a finding for the plaintiff on two counts in the sum of $1,349.01 The first of the two counts is based on a special contract and alleges that the defendant hired the linens and agreed to pay for such of them as might be lost, mutilated, abused or destroyed.

The second was a count for conversion. There was no count for negligence.

The defendant claims to be aggrieved by the allowance of rulings requested by the plaintiff and the denial of rulings requested by the defendant.

The defendant makes four contentions which are available to it under the rulings to which it objects.

 1. That the special contract was made before the defendant corporation was formed, therefore, the defendant cannot be held to be bound to it by a person purporting to act in its behalf.

 2. That as the defendant is not a party to the special contract it can only be held liable as bailee for the loss of the linens which the plaintiff furnished it after its incorporation upon a showing by the plaintiff that the loss occurred because of the corporation's fault as bailee.

 3. That the failure of the defendant corporation to specially demand proof of the allegation that it is a corporation, as required by G.L.c. 231, § 30, does not foreclose its contentions 1 and 2 because, it further contends, the statute applied to the demand for proof of corporate existence only at the time the action was brought and not at the time the special contract was made.

 4. That to recover for conversion the

plaintiff must show that the defendant assumed a right of property or of dominion over the linens.

*There was evidence that* one Draper Harvey, purporting to act as treasurer and in behalf of Braden-Harvey Corporation, the defendant, executed on July 1, 1965 a written contract with the plaintiff for the rental of linens. The contract obligated the customer to "pay for all merchandise lost, mutilated, abused, or destroyed." The defendant corporation was not in existence on July 1, 1965 when the contract was made. It could have been found that it came into being on July 8, 1965. There was evidence that the plaintiff supplied linens to, and received payments from, the defendant after its incorporation and until Braden, the defendant's president and managing officer, discharged the plaintiff in March or April, 1966. Thereafter, an inventory disclosed that a sizable quantity of linens were missing.

As a statement of the law we agree with the defendant that a contract purporting to be made in behalf of a corporation before its formation is not binding upon the corporation after its formation. "The wholly unborn corporation could not be bound by a prenatal contract." *Hushion* v. *McBride,* 296 Mass. 4, 7. See also *Abbott* v. *Hapgood,* 150 Mass. 248. *John L. Whiting & Sons Company* v. *Barton, Jr.* 204 Mass. 169, 172.

 As a statement of the law, also we agree that "In the absence of contract increasing the liability of a bailee, he is not liable for loss or damage occurring without his fault." *Perreault* v. *Circle Club, Inc.*, 326 Mass. 458, 459. See also *Industron Corp.* v. *Waltham Door & Window Co. Inc.*, 346 Mass. 18. *Fall River Trust Co.* v. *B. G. Browdy, Inc.*, 346 Mass. 614.

 However, the question which is a decisive one, is presented by the defendant's contention number 3. The defendant did not file a special demand for proof as required by G.L. c. 231, § 30, therefore, the allegation that the defendant is a corporation must be taken as admitted. "There may be some logical difficulty in holding to a law-suit a corporation which (as we are assuming) did not exist when the suit was begun, but a plain legislative intent must prevail over such considerations. The statute, so far as it relates to corporations, would be practically meaningless if it did not apply to the few instances where in truth there is no corporation as well as to those where there is." *Salvato* v. *DiSilva Transportation Co. Inc.*, 329 Mass. 305, 309. The words "when the suit was begun" do not appear to have any general significance but relate to the circumstances which existed in the *Salvato* case. In that case the defendant corporation had been dissolved by statute and was revived by the commissioner after the action was brought. G.L. c. 155, §§ 51, 52, and 56. This observation finds support in

the earlier case of *Boudreau* v. *New England Transportation Co.*, 315 Mass. 423, 426. In the *Boudreau* case the writ and declaration in an action for death described the plaintiff as administratrix of the deceased. When the action was brought the plaintiff had been appointed administratrix in Rhode Island and not in Massachusetts. About six months after the action was brought she was appointed special administratrix in Massachusetts. The defendant contended that since a foreign administrator could not maintain an action in this Commonwealth the original writ had no validity. The court rejected the contention. It observed that the defendant did not file a special demand for proof as required by G.L.c. 231, § 30, therefore, the allegation that the plaintiff is administratrix must be taken as admitted. ... and the defendant cannot deny it at any later stage in the case. Not to take this position would be to fail to accord to the statute the effect which the Legislature intended it should have. No doubt the statute is predicated upon the belief that the allegations to which it refers are nearly always true, and that insistence upon their being proved at the trial is nearly always mere obstruction. Nevertheless, in order to make the statute effective, it must be allowed to operate fully in those rare instances where the allegations are not true. In the absence of the demand for proof, a party who has alleged that he is administrator acquires, for the purposes of the

action, a status equivalent to that of administrator [or corporation]." *Boudreau* v. *New England Transportation Co.*, 315 Mass. 423, 426. Section 30 requires the filing of a special demand for proof that a party is a corporation as well as a demand for proof that a party is an administrator.

On the authority of the *Boudreau* and *Salvato* cases, we are constrained to hold that because the defendant failed to file in accordance with section 30 a special demand for proof of the allegation of its corporate existence the allegation must be taken as admitted and cannot be denied by the defendant even though the allegation is not true. Accordingly, the defendant may be held to be bound by the provisions of the contract of July 1, 1965.

 Under that contract it may be held for the loss of the linens even though the loss was without fault on its part. *Perreault* v. *Circle Club, Inc.*, 326 Mass. 458, 459. *Industron Corp.* v. *Waltham Door & Window Co. Inc.*, 346 Mass. 18. *Fall River Trust Co.* v. *B. G. Browdy, Inc.*, 346 Mass. 614. See also *Cabana* v. *Holyoke Conclave, No. 20,* 160 Mass. 1. *Lonergan* v. *American Railway Express Co.*, 250 Mass. 30, 37. *Liddell* v. *Middlesex Motor Co.*, 275 Mass. 346, 352. *Graustein* v. *B & M Railroad,* 304 Mass. 23, 26. *Boutillier* v. *Wesinger,* 322 Mass. 495, 496-497. *Schwartz* v. *Abbott Motors Inc.*, 344 Mass. 28, 30. However, although consideration of the Justice's special findings indicates that he allowed

the *plaintiff's* request number 8 because he found the defendant liable as bailee under the special provisions of the July 1st contract which made it liable for loss, yet we cannot say that the defendant was not prejudiced by the ruling. We do not know whether, or to what extent, the ruling affected the decision. Number 8 is that

"Common Law liability of a bailee of goods is that he return the goods in the same condition as when received wear and tear excepted and even though they are lost or damaged without his fault he must pay the value of the goods."

The request does not correctly state the law of Massachusetts, which is, as we have already observed, "in the absence of contract increasing the liability of a bailee, he is not liable for loss or damage occurring without his fault." *Perreault* v. *Circle Club, Inc.*, 326 Mass. 458, 459. The allowance of plaintiff's request number 8 was prejudicial error. The justice also denied the defendant's request number 5 which it that

"A bailee is liable only for negligence unless by express agreement his liability is enlarged."

He denied number 5 for the following reason: "as the bailee is also responsible for the goods lost regardless of negligence." The denial of request number 5 was prejudicial error.

There was evidence to sustain a finding that an inventory taken by the plaintiff's president and the defendant's manager disclosed a

shortage of 830 sheets, 718 pillow cases, 1123 large turkish towels, 897 small turkish towels, 186 bath mats, 603 face cloths, 82 napkins, 73 54-inch tablecloths, 8 banquet cloths, 8 aprons, 3 towels, 6 pants and 7 shirts of a total fair market value of $3,060.35 new. It could have been found that these items were delivered after the defendant corporation was formed. The justice found that it was not possible to determine the exact condition of the missing linens and for that reason based his assessment of damages upon a "used linen basis" and not upon a cost of replacement. He evaluated sheets @ 75¢ each, pillow cases @ 25¢ each, large turkish towels @ 25¢ each, and the small ones @ 15¢ each, bath mats @ 25¢ each, face cloths @ 50¢ a dozen, napkins @ 75¢ a dozen, 54" tablecoths @ 50¢ each, banket cloths @ $1.00 each, aprons @ 25¢ each, towels @ 15¢ each, pants @ 75¢ each and shirts @ 50¢ each. He found that the loss that the plaintiff has sustained is $1,349.01, arrived at by multiplying the number of items missing by the unit prices. An element of uncertainty is not a bar to the assessment of damages. Much must be left to estimate and judgment, sometimes upon meager evidence. *Colangeli* v. *Construction Service Company*, 353 Mass. 527 (and cases there cited). We see no error in the assessment of damages. The amount is not unreasonable.

The assessment would be the same under liability for negligence or conversion.

But negligence is not alleged and we find no reported evidence "sufficient to support a finding of conversion by any affirmative act of dealing with or misdelivery...or misappropriation of the linens by the defendant, its agents or employees. Neither does it appear that the linens were in the defendant's possession at the time of any demand for their return, even considering the service of the writ such a demand. Nor is there any basis for inferring that because the linens were delivered to the defendant earlier they were in the defendant's possession when their return was demanded. "Considerations bearing against the reasonableness of such an inference . . . . . are the serious consequences to a bailee, under the criminal law and in terms of business reputation, if discovered refusing delivery of an item, actually in the bailee's possession, to one clearly entitled to its return." *D'Aloisio* v. *Morton's Inc.,* 342 Mass 231, 238-239.

It was prejudicial error to find for the plaintiff on the count for conversion. The defendant's request for rulings numers 1, 2, 3, 4 and 17 should have been granted with reference to the count for conversion. They are as follows:

1. On all the evidence a finding for the defendant is required.

2. The evidence warrants a finding for the defendant.

3. On all the evidence a finding for the plaintiff is not required.

4, 17. The evidence does not warrant a finding for the plaintiff.

The finding for the plaintiff on the count for conversion of the linen is to be vacated. *D'Aloision* v. *Morton's Inc.*, 342 Mass. 231, 239.

**There is to be a new trial.**

ROBERT W. MAC DONALD
of Bourne for the plaintiff

PHILIP M. BOUDREAU
of Hyannis for the defendant