TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00208-CV






Odessa Tannehill and Danny Dorris, Appellants



v.



State of Texas, County of Travis and City of Austin, Appellees







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 233,914, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






PER CURIAM


 Odessa Tannehill and Danny Dorris filed their "Motion for Ordinary Appeal and Request
for Injunctive Relief" in this Court. After reviewing the record presented, (1) we conclude that we have no
jurisdiction over the attempted appeal and must dismiss it. We also address Mr. Dorris's status as a litigant.


The Controversy


 After reviewing the material presented, it appears that the municipal court held a hearing
on Ms. Tannehill's alleged violation of a health ordinance: specifically, an "objectionable matter" violation. 
The court found Ms. Tannehill guilty and assessed a fifty-five dollar fine. She then attempted to perfect
appeal to the county court at law. See Tex. Gov't Code Ann. § 30.332 (West 1988). The county court
dismissed her appeal because it concluded that it had no appellate jurisdiction because Ms. Tannehill had
not properly perfected her appeal. The municipal court refused to accept her affidavit of inability to pay,
but she attempted to appeal anyway. See Gov't Code § 30.333 (does not appear to provide for appeal
without bond if defendant not in jail). Ms. Tannehill now attempts to appeal the county-court order of
dismissal.

Court of Appeals' Jurisdiction


 Under the Government Code provisions controlling the municipal courts of Austin, Texas,
this Court has appellate jurisdiction of causes originating in municipal court if the fine assessed against the
defendant exceeds one hundred dollars and the appellate (county) court affirms the municipal court
judgment. Gov't Code § 30.344. The Code of Criminal Procedure provisions relating to direct appeals
from a county or district court apply. Id. Under the Code of Criminal Procedure, we do not have
jurisdiction over any case which has been appealed from any inferior court to the county court at law in
which the fine does not exceed one hundred dollars unless the sole issue is the constitutionality of the statute
or ordinance. Tex. Code Crim. Proc. Ann. art 4.03 (West Supp. 1997) Accordingly, even assuming the
dismissal of the cause by the county court constitutes an "affirmance" because it had the effect of leaving
the fine in place, the amount of the fine is below the threshold needed to appeal to this Court. The challenge
on appeal is not to the constitutionality of the ordinance, but to the evidentiary support for finding a violation
of the ordinance. Therefore, we have no jurisdiction over this appeal.

Mr. Dorris's Status and Previous Litigation


 This is not the first cause presented to this Court involving Ms. Tannehill and Mr. Dorris. (2)
All of these causes originated from one event: proceedings to demolish certain structures on property
owned by Ms. Tannehill. (3) At the time of the possible destruction of these structures, Mr. Dorris was
occupying and running a business out of one of them. Because of his occupancy of the property and his
unrepresented status, we allowed Mr. Dorris to proceed to protect his own interests in not having the
building torn down.

 However, Mr. Dorris has no interest of his own in the cause before us. The fine was
assessed only against Ms. Tannehill, not against Mr. Dorris. He is attempting to function in a purely
representative capacity, which he may not do without a license to practice law. The county-court order
specifically informed Mr. Dorris that he could not represent Ms. Tannehill under a power of attorney. We
repeat the county-court admonition. Mr. Dorris may not represent Ms. Tannehill using a power of attorney,
which has the effect only of appointing him as an attorney-in-fact:


An attorney in fact is defined as a private or special attorney, appointed for some particular
or definite purpose not connected with a proceeding at law. [Citations omitted.] The very
definition of attorney in fact excludes the idea that he is authorized to represent his principal
in proceedings in court.



Harkings v. Murphy & Bolanz, 112 S.W. 136, 138 (Tex. Civ. App. 1908, writ dism'd). Although an
attorney-in-fact may be an attorney-at-law, not every attorney-in-fact is an attorney-at-law. National
Coal & Coke Co. v. McElvain, 21 F.Supp. 838, 839 (N.D. Texas 1938).

 The building that Mr. Dorris occupied has been demolished; the appeals from that matter
have been exhausted; he has no further interest to protect concerning that property. He may not represent
Ms. Tannehill. We will accept no further filings from Mr. Dorris on Ms. Tannehill's behalf.

 We dismiss all pending motions in this cause. We dismiss for want of jurisdiction the
attempted appeal from county-court-at-law cause number 233,914 (originating as Austin Municipal Court
cause 361201).


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: July 3, 1997

Do Not Publish
1. We have neither received a transcript in this cause nor a motion for extension of time specifically to
file the transcript. A motion for extension was due no later than June 16, 1997. We have received only
a very ambiguous motion for extension that may well apply only to the statement of facts in a related
mandamus. We have reviewed the extensive attachments to the "Motion for Appeal" in order to determine
how best to dispose of this matter.
2. Previous causes: 95-165, -722; 96-263, -293, -450. We note that the Texas Supreme Court
denied writ in cause 96-450, the last pending cause. 40 Tex. Sup. Ct. J. 630 (June 14, 1997).
3. We note that Mr. Dorris had a broad general power of attorney which would seemingly have allowed
him to make the necessary arrangements to comply with the applicable requirements. We note that Mr.
Dorris's exact status has been unclear. The statement of facts from a related mandamus proceeding has
now somewhat clarified that status in that he only occupied, but does not own, the property.



law in
which the fine does not exceed one hundred dollars unless the sole issue is the constitutionality of the statute
or ordinance. Tex. Code Crim. Proc. Ann. art 4.03 (West Supp. 1997) Accordingly, even assuming the
dismissal of the cause by the county court constitutes an "affirmance" because it had the effect of leaving
the fine in place, the amount of the fine is below the threshold needed to appeal to this Court. The challenge
on appeal is not to the constitutionality of the ordinance, but to the evidentiary support for finding a violation
of the ordinance. Therefore, we have no jurisdiction over this appeal.

Mr. Dorris's Status and Previous Litigation


 This is not the first cause presented to this Court involving Ms. Tannehill and Mr. Dorris. (2)
All of these causes originated from one event: proceedings to demolish certain structures on property
owned by Ms. Tannehill. (3) At the time of the possible destruction of these structures, Mr. Dorris was
occupying and running a business out of one of them. Because of his occupancy of the property and his
unrepresented status, we allow