## HILL v. MENDENHALL.

1. Where suit is brought on a record which shows that service was not made on the defendant, but which shows also that an appearance was entered for him by an attorney of the court, it is not allowable, under a plea of *nul tiel record* only, to prove that the attorney had no authority to appear.
2. Presumptively, an attorney of a court of record, who appears for a party, has authority to appear for him; and though the party for whom he has appeared, when sued on a record in which judgment has been entered against him on such attorney's appearance, may prove that the attorney had no authority to appear, yet he can do this only on a special plea, or on such plea as under systems which do not follow the common-law system of pleading, is the equivalent of such plea.

ERROR to the Circuit Court for the Eastern District of North Carolina.

Hill sued Mendenhall in the court below upon a judgment in one of the courts of record in the State of Minnesota. The plea was *nul tiel record* alone. Upon the trial of the issue made by this plea, the plaintiff introduced in evidence an exemplification of the record sued upon. This record showed upon its face that the defendant was, at the time that action was commenced, a resident of the State of North Carolina; that the summons issued had been returned not served; that thereupon, by order of the court, service was made by publication, and that after such publication the defendant appeared by attorney, filed an answer verified by an agent, and voluntarily submitted himself to the jurisdiction of the court.

The bill of exceptions showed that, after introducing the

record, the plaintiff called a witness who gave evidence tending to prove that the party who verified the answer was at the time an agent of the defendant for the transaction of his business in Minnesota. The defendant then testified in his own behalf and in substance denied the agency.

The Circuit Court found that there was such a record as was sued upon, but because it did not appear in the exemplification or from the evidence that the summons had been served upon the defendant, gave judgment in this action in his favor. This ruling of the Circuit Court was now assigned for error.

*Messrs. P. Phillips and W. A. Graham, for the plaintiff in error. No opposing counsel.*

The CHIEF JUSTICE delivered the opinion of the court.

It is true the record sued upon in this case does show that defendant was not served with process, but it also shows his voluntary appearance by an attorney. If this appearance was authorized, it is as effective for the purposes of jurisdiction as an actual service of summons. When an attorney of a court of record appears in an action for one of the parties, his authority, in the absence of any proof to the contrary, will be presumed. A record which shows such an appearance will bind the party until it is proven that the attorney acted without authority.

Since the cases of *Thompson* v. *Whitman*,* and *Knowles* v. *Gaslight and Coke Company*,† it may be considered as settled in this court, that when a judgment rendered in one State is sued upon in another, the defendant may contradict the record to the extent of showing that in point of fact the court rendering the judgment did not have jurisdiction of his person. If such showing is made the action must fail, because a judgment obtained under such circumstances has no effect outside of the State in which it was rendered.

But if it appears on the face of the record that the court

---

* 18 Wallace, 457.                    † 19 Id. 58.

did have jurisdiction, extrinsic evidence to contradict it is not admissible under a plea of *nul tiel record.* The office of pleading is to inform the court and the parties of the facts in issue; the court, that it may declare the law, and the parties, that they may know what to meet by their proof. *Nul tiel record* puts in issue only the fact of the existence of the record, and is met by the production of the record itself valid upon its face, or an exemplification duly authenticated under the act of Congress. A defence requiring evidence to contradict the record must necessarily admit that the record exists as a matter of fact, and seek relief by avoiding its effect. It should, therefore, be formally pleaded, in order that the facts upon which it is predicated may be admitted or put in issue. Under the common-law system of pleading this would be done by a special plea. The equivalent of such a plea is required under any system. The precise form in which the statement should be made will depend upon the practice of the court in which it is to be used, but it must be made in some form. Defects appearing on the face of the record may be taken advantage of upon its production under a plea of *nul tiel record,* but those which require extrinsic evidence to make them apparent must be formally alleged before they can be proven. This we believe to be in accordance with the practice of all courts in which such defences have been allowed, and it is certainly the logical deduction from the elementary principles of pleading.* In *Knowles* v. *Gaslight and Coke Company,* the issue was directly made by an averment of jurisdiction in the complaint and a denial in the answer, and in *Thompson* v. *Whitman* by plea and replication.

It follows that, upon the pleadings in this case, judgment should have been given for the plaintiff after proof of the

---

* Bimeler *v.* Dawson, 4 Scammon, 538; Harrod *v.* Barretto, 2 Hall, 302; Shumway *v.* Stillman, 6 Wendell, 447; Starbuck *v.* Murray, 5 Id. 148; Price *v.* Hickok, 39 Vermont, 292; Judkins *v.* Union Mutual Fire Insurance Co., 37 New Hampshire, 482; Holt *v.* Alloway, 2 Blackford, 108; Moulin *v.* Insurance Co., 4 Zabriskie, 222; Gilman *v.* Lewis, Ib. 248; Aldrich *v.* Kinney, 4 Connecticut, 380.

record, showing as it did jurisdiction of the defendant by reason of his appearance by attorney. As both parties, however, submitted evidence without objection upon the question of the authority of the attorney so to appear, we should have held them to a waiver of the proper pleadings to present that issue if it appeared affirmatively that this evidence had been considered and passed upon by the court below. Such, however, is not the case. Judgment was given for the defendant upon the sole ground that it did not appear from the record or the evidence that summons had been served. This was error if the defendant had in fact voluntarily appeared. The record upon its face furnished evidence of such an appearance. The court did not find that this evidence was not in accordance with the facts.

The judgment of the Circuit Court is, therefore, REVERSED, and the cause remanded with instructions to award a *venire de novo,* and permit such amendments to the pleadings as may be necessary to present fairly for trial the real issues between the parties.

REVERSED AND REMANDED.