## In re GASSER.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1900.)

### No. 16.

1. ATTORNEY AT LAW—PRESUMPTION OF AUTHORITY TO ACT IN COURT.

An attorney at law, who is admitted to practice in a court, is presumed to be duly authorized to appear and act for any party whom he claims to represent in that court, and, in the absence of countervailing evidence or statutory prohibition, that presumption is conclusive.

2. SAME—AUTHORITY TO REPRESENT CREDITOR UNDER BANKRUPTCY LAW.

The bankruptcy law of 1898 (subdivision 9, § 1) and general order in bankruptcy No. 4 provide, and form No. 20 in bankruptcy contemplates, that an attorney at law admitted to practice in the United States district court will be presumed to be duly authorized to appear and act for any creditor whom he assumes to represent in bankruptcy proceedings, and in his behalf to oppose the discharge of the bankrupt, without any written power of attorney or authority so to do. The general presumption of law that he is authorized to appear and to do the acts on behalf of his client which he assumes to perform is recognized by the bankruptcy law and the general order, and, in the absence of countervailing evidence, it is conclusive.

(Syllabus by the Court.)

Petition for Review.

M. H. Boutelle (Thomas S. Wood, on the brief), for petitioner.
Frank Ford and J. W. Reynolds, for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is a petition under section 24, subd. b, of the bankruptcy law of 1898 (30 Stat. c. 541, p. 544), to review the ruling of the United States district court upon a question of law. The record presented is so meager that the petition might perhaps be dismissed upon the ground that it does not present the proceedings below upon which the court acted. But the burden was on the petitioner to show by the record presented to this court that there was error in the ruling below, and every presumption that is not negatived by the showing here presented must be indulged in support of that ruling. Under these presumptions, the facts upon which the court based its action must be assumed to be these: Creditors of the bankrupt, Matthew M. Gasser, had duly authorized attorneys at law who were admitted to practice in the United States district court for the district of Minnesota to appear and act in their behalf in the bankruptcy proceedings, but had not authorized them in writing to oppose the discharge of the bankrupt. These attorneys had appeared and acted on behalf of their clients, the creditors, at various stages of the proceeding, and when the petitioner applied for his discharge they filed objections and specifications in opposition to his application on behalf of the creditors whom they represented, and also on behalf of the trustee, for whom they had also been acting as attorneys at law. The bankrupt moved that the appearance and the objections of these creditors and of the trustee be stricken from the records and files of

the court because the trustee was not a party in interest, and because the objections were not signed by the creditors in person or by their duly-authorized agent, attorney, or proxy. The court denied the motion.

It is unnecessary to consider the objection that the trustee, Mahon, was not a party in interest, because the attorneys signed the objections on behalf of the trustee and the creditors jointly, and, if they were authorized to appear and oppose the discharge of the bankrupt for the creditors, the order denying the motion to strike their objections from the files was right. The only question which the case presents, therefore, is whether or not attorneys at law admitted to practice in the United States district court may lawfully appear and oppose the application of a bankrupt for his discharge on behalf of creditors who are their clients without an express written power of attorney to do these specific acts. In the consideration of this question, the following authorities have been examined by the court: Creditors v. Williams, Fed. Cas. No. 3,379; In re Palmer, Fed. Cas. No. 10,682; In re Smith, Fed. Cas. No. 12,984; In re Altenheim, Fed. Cas. No. 268; In re Hill, Fed. Cas. No. 6,481; In re Scott, Fed. Cas. No. 12,519; In re Blankfein (D. C.) 97 Fed. 191; In re Simonson (D. C.) 92 Fed. 904; 1 Nat. Bankr. N. 180, 190, 205; In re Pauly, Id. 405; In re Brown, 2 Nat. Bankr. N. 590. But the answer which this question should receive is neither difficult nor doubtful.

Proceedings in bankruptcy are in the nature of a suit in equity, the ultimate relief in which is the distribution of the unexempt property of the bankrupt among his creditors, and the discharge of the bankrupt. All the proceedings are either in or under the direction of the United States district court. The appearance in court of an attorney at law licensed to practice there carries with it the presumption of authority to appear and act for his client in the proceeding in which he seeks to represent him. His mere appearance is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive in the absence of countervailing evidence. Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616; Insurance Co. v. Oakley, 9 Paige, 496. Subdivision 9 of section 1 of the bankrupt law of 1898 provides that "'creditor' shall include any one who opposes a demand or claim provable in bankruptcy and may include his duly authorized agent, attorney or proxy." General order in bankruptcy No. 2 reads: "The clerk or the referee shall endorse on each paper filed with him the day and hour of filing and a brief statement of its character." General order No. 4 contains these provisions: "Either party may appear and conduct the proceedings by attorney, who shall be an attorney or counselor authorized to practice in the circuit or district court. The name of the attorney or counselor, with his place of business, shall be entered upon the docket, with the date of the entry. All papers and proceedings offered by an attorney to be filed shall be endorsed as above required, and orders granted on motion shall contain the name of the party or attorney making the motion. Notices and orders

which are not, by the act or by these general orders, required to be served on the party personally may be served upon his attorney." Form No. 20 in bankruptcy, the form of the general letter of attorney in fact to be executed by a creditor, bears this caption: "General Letter of Attorney in Fact when Creditor is not Represented by Attorney at Law,"—thus clearly indicating that the supreme court were of the opinion that an attorney at law needed no letter of attorney in fact to authorize him to represent a creditor in bankruptcy proceedings. Attention is called to the fact that general order in bankruptcy No. 32 reads: "A creditor opposing the application of a bankrupt for his discharge or for the confirmation of a composition shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge;" and that form No. 58 in bankruptcy, the form of specifications or grounds of opposition to a bankrupt's discharge, has the word "creditor" opposite the place for the signature at its foot; and the inference is sought to be drawn from the fact that nothing is said in this order or this form about the attorney of the creditor that the latter may not be represented by an attorney at law in the filing of his objections to the discharge of the bankrupt. But this is not a logical or permissible inference, in view of the fact that subdivision 9 of the first section of the bankrupt act declares that the term "creditor" may include his duly-authorized agent, attorney, or proxy, and in view of the law of the land that an attorney at law, admitted to practice in a court, is conclusively presumed, in the absence of proof to the contrary, to be duly authorized to act for any client or creditor in any proceeding in that court, unless some statute otherwise specifically provides. Our conclusion is that an attorney at law, admitted to practice in the United States district court, who enters his appearance and files objections to the discharge of a bankrupt on behalf of a creditor, must be presumed to have authority to do so without any special written power of attorney to take such action. Our reasons for this conclusion, in brief, are these: Proceedings in bankruptcy are proceedings in court. An attorney at law admitted to practice in a court is presumed to have authority to appear and act for any party whom he seeks to represent in that court. The bankruptcy law of 1898 provides that a creditor may file objections to and oppose the discharge of a bankrupt, and that the term "creditor" shall include the duly-authorized agent, attorney, or proxy of a creditor. An attorney at law admitted to practice in the court, who enters his appearance for a creditor in opposition to the discharge of a bankrupt, is presumed, under the general law, to be his duly-authorized attorney, and is therefore included under the term "creditor," and is authorized to appear and oppose the discharge of the bankrupt. There is no merit in the petition for review, and it is dismissed.