COHEN v. PORTLAND LODGE, NO. 142, B. P. O. E. et al.

(Circuit Court, D. Oregon. September 9, 1905.)

No. 2,974.

JUDGMENT—CONCLUSIVENESS—COLLATERAL ATTACK.
  A domestic judgment is conclusive against collateral attack only when the jurisdictional facts appear of record or when the court has expressly adjudged that they exist. Such a judgment is not conclusive against one who, while made a defendant, is not shown by the record to have been served with process or to have appeared or been defaulted.

  [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1183.]

In Equity. On demurrer to bill.

Snow & McCamant, for complainant.
Birnstein & Cohen and H. H. Northup, for defendants.

GILBERT, Circuit Judge. The complainant brought his bill to redeem certain real estate from a mortgage which he alleges has

been foreclosed as to certain interests, but not foreclosed as to him. The allegations in regard to the foreclosure suit are, in substance, that the mortgagee brought a suit to foreclose; that the complainant was made a party defendant to the suit, and was a proper and necessary party thereto in order to effectually complete the foreclosure of the mortgaged security, but that he was never served with any process in the suit, and no appearance was ever entered by him to the suit, and no appearance was made for or in his behalf, and that the court never acquired any jurisdiction over him; that a decree of foreclosure was entered in said suit; and that the mortgaged property was sold in accordance therewith. A demurrer is interposed to the bill on the ground that the decree of foreclosure imports verity and is not subject to collateral attack, in the absence of averments that the record in the foreclosure suit affirmatively shows that the complainant was not served as a party defendant therein or did not appear therein, or that the court in such suit did not adjudge that he was thus duly served or that he appeared.

While it is true that a foreign judgment or a judgment of a sister state which shows upon its face that the court had jurisdiction of the person of the defendant may be collaterally attacked upon the ground that the defendant did not in fact appear or was not served (Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Knowles v. Gaslight & Coke Co., 19 Wall. 58, 22 L. Ed. 70; Reinach v. Atlantic & G. W. R. Co. (C. C.) 58 Fed. 33), a different rule prevails as to collateral attacks upon domestic judgments. Of such it may be said in general that if a superior court of general jurisdiction expressly finds the existence of the necessary jurisdictional facts, or if those facts otherwise appear of record, the contrary may not be proven in a collateral proceeding. Westerwelt v. Lewis et al., 2 McLean, 511, Fed. Cas. No. 17, 446; Smith v. Pomeroy, 2 Dill. 414, Fed. Cas. No. 13,092; Colt v. Colt (C. C.) 48 Fed. 385; United States v. Gayle (D. C.) 45 Fed. 107.

But in the present case there is nothing alleged in the bill upon which it appears that the court in the foreclosure suit found the jurisdictional facts as to this complainant, or entered a default against him, or rendered judgment against his interest in the property. All that the bill alleges in that regard is that he was made a party defendant, that he was a necessary party, and that a decree of foreclosure was entered. In addition to this, it distinctly alleges that the complainant was not served, that he made no appearance in the case, and that no appearance was made on his behalf. The truth of those averments being admitted by the demurrer, it will not be presumed that the court erroneously found otherwise, or that any officer of the court made a false return. A domestic judgment is conclusive against collateral attack only when the jurisdictional facts appear of record or when the court has expressly adjudged that they exist.

The demurrer will be overruled.