### In re ILLINOIS FIREWORKS & DISPLAY CO., Inc.

No. 2059–D.

District Court, E. D. Illinois.

Feb. 1, 1933.

Mann & Stifler, of Danville, Ill., for bankrupt.

M. F. Keegan, of Danville, Ill., for petitioning creditor.

James M. Boyle, of Danville, Ill., for petitioner and intervening petitioner.

LINDLEY, District Judge.

On November 28, 1932, Joseph Porcheddu, as petitioning creditor, filed in this court his involuntary petition in bankruptcy against the Illinois Fireworks & Display Company, an Illinois corporation, alleging that he was a creditor in the sum of $2,485.18, that it was insolvent, and that it had committed two acts of bankruptcy, namely: (1) It had permitted, while insolvent, one Helen Porcheddu to obtain judgment in the sum of $8,461.75 on the 25th day of October, 1932, and thereby to obtain, through legal proceeding, a lien on the property of the corporation, and had failed to vacate or discharge the same within thirty days from the date said judgment was obtained and execution issued; (2) the company had admitted in writing its inability to pay its debts.

Thereafter on December 2, 1932, the alleged bankrupt entered its appearance by Mann & Stifler, its attorneys, and consented to immediate adjudication in bankruptcy. Thereupon the court entered an order adjudging the company bankrupt and a rule upon all creditors and parties in interest to show cause on or before December 7, 1932, why the adjudication should not become absolute and final as against them. The order further provided that if no such cause should be shown within said time, said adjudication should become absolute and final against all creditors and all parties in interest without further order. No creditor, stockholder, or other party in interest made any such showing within the time limited by the court.

After adjudication the cause was referred and proceeded to due administration. At a creditors' meeting, a trustee was elected in accordance with the terms of the Bankruptcy Act (11 USCA), and at meetings before the referee on the 21st and 22d of December 1932, and on the 3d and 5th of January, 1933, witnesses were examined as provided by law. At said meetings there appeared besides witnesses, A. L. Vollburn, trustee, Mann & Stifler, attorneys for the bankrupt, M. F. Keegan, attorney for the petitioning creditor, and James M. Boyle, attorney for Paul Porcheddu and Marie Porcheddu, the present petitioner and intervening petitioner.

Mr. Boyle, attorney for the two latter named parties, participated in the meeting, conducted a substantial part of the examination, and represented the said two parties fully in recognition of the jurisdiction of the court and the legality of the proceedings. Acting in their behalf, he filed objections to certain claims which were heard and disposed of by the referee.

On January 13, 1933, Paul Porcheddu, having procured new counsel, filed his petition herein, asking that the adjudication be set aside, the appointment of trustee and receiver vacated, and the proceedings dismissed. This petition was based upon the allegations that the judgment mentioned in the original petition in bankruptcy had been procured upon a judgment note executed without proper authority to Mrs. Helen Porcheddu, the wife of Joseph Porcheddu; that the corporation was not indebted to said payee; and that the taking of judgment of Helen Porcheddu could not be made the basis of bankruptcy by Jos. Porcheddu in an involuntary petition against the corporation of which Jos. Porcheddu was president. Paul Porcheddu claimed to be a creditor, but the evidence throws considerable doubt upon his right to any such claim. His wife, Marie Porcheddu, in her intervening petition claims to be a stockholder. The petitioning creditor, the trustee, and Miss Schull, an interested creditor, defended the said petition and intervening petition and moved to strike the same from the files. The latter motion was denied.

The opposing creditor, Miss Schull, sets up the fact that if the petition in bankruptcy should be dismissed, the judgment of Helen Porcheddu against the corporation would be a valid lien upon all the assets and consume the same to the exclusion of other creditors, including herself, thus preferring Mrs. Porcheddu.

There is no question but that the corporation was indebted to Jos. Porcheddu in the sum of approximately $10,000. The minutes

of the corporation and the auditors' reports show this fact conclusively. There is no question but that Jos. Porcheddu assigned approximately $8,000 of this debt to his wife and that thereupon the judgment note to her was executed. He swears there was a bona fide consideration for such assignment. The remainder of the indebtedness he kept himself. The by-laws of the corporation authorized the president to execute all contracts, notes, mortgages, and other instruments in writing. It seems to me that such authority in Illinois, where judgment notes are the rule and not the exception, must have contemplated the execution of judgment notes. But whether such power existed, the debt is undisputed and the judgment probably could not be opened under any circumstance at this stage. The term of the circuit court at which it was entered has expired; there is no defense to the debt, and the circuit court would be without jurisdiction to vacate the judgment. Consequently the objection of Miss Schull is most pertinent and brought to the attention of the court the fact that vacation of the adjudication and the dismissing of the proceeding would result in a levy upon all assets by the judgment creditor to the exclusion of all others. Such a result is foreign to the intent of the Bankruptcy Act. Congress, by its legislation, has manifested a purpose, wherever possible, to bring about equality amongst creditors with preference to none.

■ Bearing in mind this essential motive running through the Bankruptcy Act, we proceed to examine the facts with regard to the motion to vacate. These motions are made by a creditor of doubtful standing and a stockholder, who were heretofore ordered by this court to show cause why adjudication should not be made permanent on or before December 7, 1932. They failed to make any such showing, and their time for so doing has long since expired, unless they show some reasonable ground for nonapplication of the rule. Such showing might be by proof of lack of notice of the order or other fact excusing their lack of diligence. No such proof is made. On the contrary, the evidence is undisputed that they knew of the bankruptcy proceedings; that they employed counsel and participated in the proceedings in the bankruptcy court, and when defeated there on their application to that court for relief in the form of objections to claims, some sixty days after adjudication concluded to present their motion for dismissal here. With full knowledge of the facts, they participated in the court's administration, acquiesced in its jurisdiction, and invoked affirmative action by the court in such administration by contesting claims and otherwise participating before the referee. When defeated they filed their petitions denying the court's jurisdiction. Their prayer for relief comes too late.

Parties may not play fast and loose with the court; they may not participate, invoke the court's jurisdiction, and then be allowed to deny it. So whatever they might have been able to show within a reasonable time and before their lack of diligence accrued, their participation and acquiescence have estopped them from raising the point they now contend for. Their petitions must be denied.

■ It is argued by their counsel that the motion herein involves a question of jurisdiction. This is a mistaken use of the word "jurisdiction." The petition in bankruptcy filed herein was, upon its face, sufficient. It stated the legal averments necessary to a complete cause of action in bankruptcy. Any facts impinging upon the correctness of those averments were outside the record, and could be brought before the court only by direct evidence. Consequently, without regard to whether or not the facts alleged were true, the petition upon its face was sufficient to warrant the adjudication. Therefore the court has jurisdiction.

■ It is asserted that the entry of appearance does not show authority of the attorneys to consent to the adjudication. There is no evidence to indicate that counsel who filed the consent had no authority. Under the law, the appearance in court of an attorney licensed to practice carries with it the presumption of authority to appear and act for the client at the proceedings in which the attorney seeks to represent it. It is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive in the absence of contrary evidence. See In re Gasser, 104 F. 537 (C. C. A. 8th); Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616.

Both the petition of Paul Porcheddu and intervening petition of Marie Porcheddu are denied, and each is allowed an exception to the ruling of the court.