## THOMPSON v. WILLIAM EDE CO.

No. 29446. May 28, 1940.

Rehearing Denied June 25, 1940.

103 P. 2d 530.

E. M. Connor, of Tulsa, for plaintiff in error.

Poe, Lundy & Morgan, of Tulsa, for defendant in error.

PER CURIAM. This appeal is from a judgment rendered on a directed verdict in an action brought upon a judgment which the defendant in error, hereafter referred to as plaintiff, had obtained in a California court against the plaintiff in error, hereafter referred to as defendant.

The judgment declared upon was valid on its face and recited that it had been rendered after the cause stood regularly for trial and upon appearance of the parties by their respective attorneys and after a trial had of the issues involved. The plea of the defendant,

upon which the cause was tried in the court below, was that the judgment had been procured by extraneous fraud. The trial court heard the evidence offered in support of this contention and was of the opinion that the same did not substantiate the plea so made and excluded it from the consideration of the jury and directed a verdict in favor of plaintiff. The defendant appeals from the judgment rendered on said verdict and the order which overruled his motion for new trial.

As grounds for reversal of said judgment the defendant urges error in the exclusion of the evidence which he offered to support his plea of extraneous fraud and the refusal of the trial court to submit to the jury the question of jurisdiction of the California court.

The action being one on a judgment of a sister state, it was not open to reexamination upon its merits. United States v. California and O. Land Co., 192 U. S. 355, 48 L. Ed. 476, 24 Sup. Ct. Rep. 266; Fidelity & Deposit Co. of Maryland v. Clanton, 167 Okla. 106, 28 P. 2d 566; Roche v. McDonnell, 275 U. S. 449, 72 L. Ed. 365, 48 Sup. Ct. 442, 53 A. L. R. 1141; Mills v. Duryee, 7 Cranch (U. S.) 481, 3 L. Ed. 411, and notes. The evidence offered by the defendant and which was excluded by the court was, in substance, that after the action in California had been commenced against him he had interviewed the attorney for the plaintiff and had been informed that said action would never be prosecuted to judgment; that defendant had not relied entirely upon the statement so made, but had employed an attorney to prepare an answer for him and to protect him against any judgment being taken by default, and that the attorney so employed was the one who appeared for him at the trial in which the judgment was rendered. This evidence, considered in its most favorable light, merely discloses that the attorney for the plaintiff had made certain false statements with reference to prosecution of the action, but it falls far short of showing any fraudulent acts from which it could be in-

ferred that the defendant had been prevented from appearing and defending the action against him and which resulted in the judgment. The defendant cites United States v. Throckmorton, 98 U. S. 62, 25 L. Ed. 93; Brown v. Trent, 36 Okla. 239, 128 P. 895; McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739, to sustain his contention that the evidence offered should have been admitted. The cases thus cited, while authority for the rule that extraneous fraud will vitiate a judgment procured thereby, have no application to the situation as presented by the record herein. Since the evidence offered by the defendant was insufficient to show such extraneous fraud, the trial court did not err in excluding the evidence so offered.

The judgment declared upon showed that the defendant had answered in the California court and was represented at the trial by an attorney. In the absence of plea denying the authority of the attorney to so appear, the jurisdiction was sufficiently shown. See 34 C. J. p. 1148; Hill, Adm'r, v. Mendenhall, 88 U. S. 453, 22 L. Ed. 616. This action speaks for itself. No prejudicial error is presented in the record before us.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.