**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Vernon Savings and Loan Association, FSA, Plaintiff–Appellee,**

v.

**OAKLAWN APARTMENTS, a California general partnership and its general partners; David T. Starr; Cynthia A. Starr; Keith D. Starr; Mary Lou Starr; Johnny N. Robertson, as personal representative of the estates of James N. Robertson and Clella A. Robertson; Johnny N. Robertson; Angela O. Robertson; Dan Young; Janet Young; Gary Young; Lola J. Young; Richard B. Adams; Donna L. Adams; Tommy J. Brown; Clarice E. Brown; 1414 Partnership, an Oklahoma corporation; Solon Automated Services, Inc., a Delaware corporation; Wanda Cavel, County Treasurer of Comanche County; Board of County Commissioners of Comanche County, Oklahoma, Defendants,**

**and**

**James A. Reep; Fatima J. Reep; Zan F. Calhoun, Defendants–Appellants.**

No. 91–6015.

United States Court of Appeals,
Tenth Circuit.

March 17, 1992.

Robert W. Dace and Michael F. Lauderdale of McAfee & Taft, Oklahoma City, Okl., for defendants-appellants.

Eric A. Overby of Arter & Hadden, Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, Chief Judge, TACHA and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendants-appellants James A. Reep, Fatima J. Reep and Zan F. Calhoun appeal a summary judgment in favor of Plaintiff-appellee Federal Deposit Insurance Corporation. Appellants contend that the service of process was insufficient and that the district court lacked personal jurisdiction. The district court never reached these issues as it concluded that Appellants had waived the defenses. Our jurisdiction is under 28 U.S.C. § 1291, and we reverse.

Appellants are former partners of defendant Oaklawn Apartments ("Oaklawn"), a California general partnership.[1] In November 1979, Oaklawn executed and delivered a loan modification agreement which assumed the unpaid balance of a note payable to Old Vernon Savings and Loan Association ("OVSLA"). In September 1986, Oaklawn defaulted on the note. On September 1, 1989, Plaintiff, as receiver for OVSLA, filed suit against Defendants for breach of the note and loan modification agreement, foreclosure, and appointment of a receiver.[2] Plaintiff attempted to serve a copy of the summons and complaint on Appellants, who are California residents, by certified mail delivered to the California office of defendant David Starr, an Oaklawn partner.

On September 20, 1989, attorney Eddie Newcombe, purporting to act on behalf of defendants David, Cynthia and Mary Lou Starr, as well as Appellants, filed a motion to dismiss.[3] The district court denied the motion. On November 29, 1989, Newcombe filed an answer, again purporting to act on behalf of the Starrs and Appellants, generally denying the material allegations of the complaint and asserting the defenses of lack of personal jurisdiction and failure to state a claim. On March 5, 1990, Newcombe filed a status report, on behalf of several defendants including Appellants, stipulating to personal jurisdiction as to all parties except Oaklawn and further stipu-

---

1. According to affidavits filed by Appellants, they became general partners of Oaklawn in 1981. In December 1982, Calhoun transferred her interest in Oaklawn to defendant David Starr. Similarly, in 1986, the Reeps transferred their interest in Oaklawn to David Starr.

2. The complaint named Appellants as general partners of Oaklawn, even though it appears that they had long since transferred their part-nership interests to David Starr. *See supra* note 1.

3. While the September 20 motion to dismiss is not part of the record before us, the November 8 order denying the motion indicates that it asserted the sole defense of failure to state a claim. Fed.R.Civ.P. 12(b)(6).

lating to the Reeps' status as partners of Oaklawn. On May 11, 1990, Newcombe filed a response to Plaintiff's discovery requests on behalf of several defendants including Appellants.

On July 20, 1990, Appellants, represented by attorney Robert Dace, filed a motion to dismiss for lack of service, Fed.R.Civ.P. 12(b)(5), and lack of personal jurisdiction. *Id.* 12(b)(2). Appellants submitted affidavits in support of their motion stating that they had never been served and never resided or kept an office at the location of David Starr's office (where the summons and complaint in each of their names was sent), that neither they nor their agents or representatives had authorized Newcombe to represent them or file any pleadings on their behalf, and that they had never spoken to Newcombe before October 3, 1989, the date they believed that Newcombe filed the first pleading purportedly on their behalf.[4] Plaintiff countered with an affidavit from Newcombe stating that he filed the September 20 motion to dismiss on behalf of Appellants, and filed the subsequent answer, status report, and discovery request response on behalf of Appellants "in their capacity as partners." Newcombe also averred that "to the best of [his] knowledge and belief, [he] represented [Appellants] in their capacity as partners of Oaklawn ... at the direction of Mr. David Starr ... until the Motion to Dismiss was filed on their behalf by attorney Robert Dace...."

On September 6, 1990, the district court denied Appellants' motion, characterizing their affidavits as "conclusory self-serving statements insufficient to overcome the presumption that Mr. Newcombe did in fact represent them...." The district court noted that "Newcombe ha[d] been filing pleadings on [Appellants'] behalf ... for almost one year, and the trial [was] scheduled [the following] week." The court stated that it would "not permit [Appellants] to go along with the alleged charade for nearly a year, then wait until the eve of trial, when the fire is getting hot, to assert the Court has no personal jurisdiction over them." The court held that Appellants failure to raise insufficiency of service and lack of personal jurisdiction in their first responsive pleading waived the defenses. The district court granted Plaintiff's motion for summary judgment on the same day.[5]

We review de novo a district court's grant of summary judgment. *Osgood v. State Farm Mut. Auto Ins. Co.,* 848 F.2d 141, 143 (10th Cir.1988). Similarly, "[w]e review a district court's ruling on a jurisdictional question de novo." *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988) (citing *Ten Mile Indus. Park v. Western Plains Serv.,* 810 F.2d 1518, 1524 (10th Cir.1987)). While our review of a dismissal for untimely service is for an abuse of discretion, *Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir.1991); *Putnam v. Morris,* 833 F.2d 903, 904 (10th Cir.1987), when a district court denies such a motion on the pleadings and affidavits, the de novo standard is proper. *See Cutco Indus. v. Naughton,* 806 F.2d 361, 364–65 (2d Cir.1986) (clearly erroneous standard applies to district court's findings from evidentiary hearing; de novo standard applicable when district court's ruling is based on pleadings and affidavits). Finally, the determination of waiver is a mixed question of law and fact which would require us to accept the district court's factual conclusions unless clearly erroneous but review the application of the facts to the law under a de novo standard. *See Midamerica Federal Sav. & Loan Ass'n v. Shearson/American Express, Inc.,* 886 F.2d 1249, 1259 (10th Cir.1989). *See also Mul-*

---

4. In fact, Newcombe filed the first pleading purportedly on their behalf two weeks earlier on September 20.

5. The district court's order granting Plaintiff's motion for summary judgment indicates that Appellants had responded to Plaintiff's motion. In the final pretrial order, entered the day before the order granting summary judgment, the district court indicated that Newcombe appeared on behalf of Appellants. While the court recognized that Dace had filed a motion to dismiss on behalf of Appellants, it stated that Dace had refused to appear at the pretrial conference, and Newcombe had not withdrawn as counsel of record.

*lan v. Quickie Aircraft Corp.*, 797 F.2d 845, 850 (10th Cir.1986) (mixed question of law and fact reviewed under de novo standard when it involves primarily a consideration of legal principles).

"The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction...." *Ten Mile*, 810 F.2d at 1524. Facts regarding jurisdictional questions may be determined by reference to affidavits, *see Rambo*, 839 F.2d at 1417, by a pretrial evidentiary hearing, *see Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981), or at trial when the jurisdictional issue is dependent upon a decision on the merits. *See Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir.1965). While the plaintiff has the burden of establishing personal jurisdiction, *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1130 (10th Cir.1991); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985), and of establishing the validity of the service of process, *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n. 2 (1st Cir.1987) (per curiam); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir.1985), this burden varies depending on the pretrial procedure employed by the district court. *See Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978).

"When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Behagen*, 744 F.2d at 733 (citations omitted). The "well pled facts" of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits. *Ten Mile*, 810 F.2d at 1524. *See also Bowman Livestock*, 927 F.2d at 1130–31; *Behagen*, 744 F.2d at 733. *Cf.*

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir.1984) ("mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content do not end the inquiry").

On the other hand, when the district court holds a pretrial evidentiary hearing to resolve factual disputes relating to jurisdictional questions, the plaintiff has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *See Ball*, 902 F.2d at 197; *Cutco Indus.*, 806 F.2d at 365.

Nevertheless, and in our view dispositive, "[w]hatever degree of proof is required initially, a plaintiff must have proved by the end of trial the jurisdictional facts by a preponderance of the evidence." *Forsythe*, 576 F.2d at 781. *See also Cutco Indus.*, 806 F.2d at 365 ("plaintiff has the ultimate burden of establishing jurisdiction"); *Marine Midland Bank*, 664 F.2d at 904 (regardless of procedure "[e]ventually ... plaintiff must establish jurisdiction ... either at pretrial evidentiary hearing or at trial"). Accordingly, because "[a] judgment is void when a court enters it lacking ... jurisdiction over the parties," *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir.1986) (per curiam) (citation omitted), and summary judgment is appropriate only if "there is no genuine issue as to any material fact," Fed.R.Civ.P. 56(c), a disputed material fact relating to jurisdiction over the parties, which is unresolved for lack of an evidentiary hearing, precludes summary judgment for the plaintiff. *See Ten Mile*, 810 F.2d at 1524 ("in the absence of a full evidentiary hearing, a district court relying on documentary evidence in its consideration of a motion to dismiss may not weigh the factual evidence").

The district court resolved Appellants' claims of lack of personal jurisdiction and insufficient service by reviewing the pleadings and affidavits and concluding that Appellants waived these issues. "A defect in the district court's jurisdiction over a party is a personal defense which

may be asserted or waived by a party." *Life Sav.*, 802 F.2d at 1202. Objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion. Fed.R.Civ.P. 12(b). If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses. *Id.* 12(h)(1). The district court's finding of waiver was based on attorney Newcombe's appearance. While Newcombe clearly purported to act on behalf of Appellants, the critical issue is whether Appellants authorized him to do so.

In determining that Newcombe had authority to appear on Appellants' behalf, the district court relied on the legal presumption that an attorney has authority to represent the person for whom he appears. *See Hill v. Mendenhall*, 88 U.S. (21 Wall.) 453, 454, 22 L.Ed. 616 (1874); *Feldman Inv. Co. v. Connecticut Gen. Life Ins. Co.*, 78 F.2d 838, 840 (10th Cir.1935). It is academic that this presumption is rebuttable. 7 Am.Jur.2d *Attorneys at Law* § 142 (1980). Although the party seeking to rebut the presumption has the burden of proving that the attorney acted without authorization, *Feldman*, 78 F.2d at 840, the burden in this Circuit is not severe. *See Hayes v. Eagle–Picher Indus., Inc.*, 513 F.2d 892, 893 (10th Cir.1975) (presumption of an attorney's authority is "easily rebuttable"). *But see Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 45–46 (4th Cir.1968) (presumption that attorney who enters general appearance has client's authorization is a "strong one" overcome only by "clear and convincing" evidence). In *Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136 (10th Cir.1966), we held that a party's testimony that he did not authorize an attorney to act on his behalf was "affirmative proof" sufficient to overcome the presumption that the attorney acted within his authority in entering into a stipulation. *Id.* at 139–40. Therefore, Appellants' affidavits stating that neither they nor their agents or representatives authorized Newcombe to represent them or file any pleading on their behalf were sufficient to overcome the presumption of attorney Newcombe's authority to act on their behalf.

The district court also relied on Newcombe's affidavit, which stated that "to the best of [his] knowledge and belief" he represented Appellants in their capacity as partners of Oaklawn. An affiant's belief that the facts set forth in an opposing affidavit are untrue is insufficient to put the contested facts in issue. *See Bumgarner v. Joe Brown Co.*, 376 F.2d 749, 750 (10th Cir.), *cert. denied*, 389 U.S. 831, 88 S.Ct. 99, 19 L.Ed.2d 90 (1967). *See also* Fed.R.Civ.P. 56(e).[6] Furthermore, Newcombe's affidavit indicates that his representation of Appellants was in their capacity of partners and was at the direction of David Starr; however, it appears that Appellants were no longer partners of Oaklawn, and nothing in the record indicates that David Starr had authority to secure representation on Appellants' behalf. "An agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal." *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir.1989) (citing Restatement (Second) of Agency § 27 (1958)). By relying solely on Newcombe's affidavit attesting to his belief that he had authority to represent Appellants, the district court erroneously found that Newcombe had authority based entirely on the acts of Newcombe and Starr. Newcombe's belief and Starr's direction are insufficient to establish that Newcombe was authorized to act on behalf of Appellants and waive their defenses of lack of personal jurisdiction and insufficient service of process. *See Trustee's of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 734 (7th Cir.1991) ("activity of a defaulting party's attorney cannot alone support a finding of waiver").

An attorney's authority to enter an appearance for a party, however, is not dependent on explicit authorization, for

---

6. While Rule 56(e) addresses affidavits submitted in support of or in opposition to summary judgment motions, its requirements of personal knowledge, admissible facts, and affirmative showing of competency apply to affidavits submitted in support of or in opposition to motions to dismiss on jurisdictional grounds.

such a rule "would substantially eviscerate Rule 12(h)(1)." *Broadcast Music, Inc. v. MTS Enters., Inc.*, 811 F.2d 278, 281 (5th Cir.1987). Plaintiff directs us to Appellants' statements in their affidavits that "[they] had never even spoken to Mr. Newcombe before October 3, 1989, the date, [they were] advised, that he filed the first pleading in this case purportedly on [their] behalf." Plaintiff construes this statement as suggesting that Appellants had knowledge of the lawsuit and communicated with Newcombe around October 3. This is apparently what the district court believed, as its order characterized their affidavits as "conclusory" and "self-serving" and indicated its belief that Appellants were going along with an "alleged charade" for nearly a year. If Appellants sat back idly knowing that Newcombe was making appearances on their behalf, a court could find that they implicitly authorized him to appear and his failure to raise the defenses on their behalf would constitute a waiver. *See id.* ("defendant may [not] halfway appear in a case, giving plaintiff and the court the impression that he has been served, and [later] pull failure of service out of the hat like a rabbit"). However, Appellants' statement that they did not talk to Newcombe prior to October 3 is not affirmative proof that they talked to him on or after October 3. There is nothing in the record indicating when Appellants became aware of the lawsuit and of Newcombe's purported representation. Such evidence is necessary to support a finding that Appellants implicitly authorized Newcombe to represent them.

These factual issues remain unresolved due to the district court's reliance on the pleadings and affidavits and its unyielding presumption of attorney authority. Appellants' authorization of Newcombe to appear on their behalf, and ultimately waive the defenses of lack of personal jurisdiction and service of process, is a disputed material fact precluding summary judgment against Appellants.

REVERSED and REMANDED.