[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14343
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00347-MHT-GMB

CHRISTOPHER M. THORNTON,

Plaintiff-Appellee,

versus

HOSPITALITY MANAGEMENT ASSOCIATES, INC.,

Defendant,

DOUGLAS WILLIAM GURNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 2, 2019)

Before WILSON, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Douglas Gurney, proceeding pro se, appeals the district court's award of expenses and entry of default judgment as Federal Rule of Civil Procedure 37(b) sanctions for failing to comply with the court's Rule 37(a) order in an action brought by Christopher Thornton under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*  Gurney first moves (1) to "correct the record" by removing Charles Turnipseed as the attorney for Hospitality Management Associates, Inc. (HMA), and (2) to order Lowell Sexton, Thornton's appellate attorney, to "cease and desist" due to an alleged conflict of interest.  And as to the district court's order, Gurney argues that (1) Turnipseed was not authorized to represent him during the proceedings before the district court, and (2) Thornton did not perfect service of process.  Gurney also argues that the default judgment should be set aside.  Finding no error, we affirm.

## I.

Gurney first asks us to correct the record and remove Turnipseed as the attorney for HMA.  Parties are permitted by statute to plead and conduct their cases personally or by counsel as the rules of the federal courts permit.  28 U.S.C. § 1654.  We have explained, however, that § 1654 "provide[s] a personal right that does not extend to the representation of the interests of others."  *Timson v.*

2

*Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam).  A corporation is an artificial entity that cannot appear pro se and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  And where an attorney appears in an action for one of the parties, he is presumed to be authorized to act; his appearance will bind the party until it is proven that the attorney lacked authority.  *Hill v. Mendenhall*, 88 U.S. 453, 454 (1874).

The docket reflects that Turnipseed represented HMA in the district court. The record also shows that Turnipseed acted on HMA's behalf and never withdrew as its attorney.  As such, Turnipseed is presumed to be HMA's attorney.  *See id.* And Gurney, proceeding pro se, cannot act as HMA's attorney.  *See Palazzo*, 764 F.3d at 1385.  Accordingly, Gurney's motion to correct the record is denied.

Gurney next moves this Court to disqualify Sexton because of an alleged conflict of interest.  The party bringing a motion to disqualify bears the burden of proving the grounds for disqualification.  *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003).  "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist."  *Id.* (citation and quotation omitted).  A disqualification order "is a harsh sanction, often working substantial hardship on the client" and should therefore "be resorted to sparingly."  *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982).

3

Attorney conduct is governed by the Federal Rules of Appellate Procedure, our local rules, the American Bar Association Model Rules of Professional Conduct, and the rules of professional conduct adopted by the highest court of the state in which the attorney is admitted to practice, to the extent that the state rules are not inconsistent with the Model Rules.  11th Cir. R. Add. Eight, r. 1(A).  Where a person consults with a lawyer about possible representation in a matter, that person is a prospective client.  Model Rules of Prof'l Conduct r. 1.18(a) (Am. Bar Ass'n 2019).  When the lawyer has learned information from a prospective client, neither that lawyer, nor any other attorney in the lawyer's firm, may represent another client with materially adverse interests in the same or a substantially related matter if that information would be significantly harmful to the person in that matter.  *Id.* r. 1.18(c).

We construe Gurney's motion to order Sexton to "cease and desist" as a motion to disqualify Sexton.  Gurney failed to carry his burden to prove any grounds for disqualification.  Gurney's relationship with Sexton is, at most, as a prospective client.  He has not shown either that the matters that he allegedly consulted Sexton about are substantially related to the instant case or that Sexton used information from the prior consultation.  *See BellSouth Corp.*, 334 F.3d at 961.  Accordingly, his motion to disqualify Sexton is denied.

4

## II.

On appeal, Gurney argues that (1) Turnipseed was not authorized to represent him during the proceedings before the district court, and (2) Thornton did not perfect service of process.  Thornton responds that Gurney waived any challenges to the district court's order by not objecting to the magistrate judge's report and recommendation (R&R).  Indeed, if a party fails to object to the findings or recommendations contained in an R&R after being informed of (1) the time period for objecting and (2) the consequences on appeal for failing to object, that party waives the right to challenge the unobjected-to factual and legal conclusions on appeal.  11th Cir. R. 3-1.  But here, we conclude that Gurney's failure to object to the R&R does not bar his appeal because the magistrate judge did not fully warn Gurney that he was required to object to legal conclusions.  Accordingly, the magistrate judge's warning was insufficient to trigger Rule 3-1 and limit our review.

We only have jurisdiction, however, to review the judgments specified in a notice of appeal.  *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).  To seek review of an order disposing of a post-judgment motion, the appellant must either file a separate notice of appeal or amend its original notice.  *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013).

5

We lack jurisdiction to consider Gurney's arguments about either Turnipseed's representation or the sufficiency of Thornton's service of process. Gurney did not raise either of these arguments until a post-judgment motion for reconsideration and did not appeal its denial. Accordingly, we lack jurisdiction to consider these arguments.

III.

Finally, Gurney argues that the district court erred in imposing default judgment as sanctions for Gurney's refusal to comply with its discovery order. "[A]n appeal of sanctions under [Fed. R. Civ. P.] 37 is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (citation omitted). To warrant reversal, we must be "left with a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Id.* (citation omitted).

When a party refuses to participate in discovery, the court may issue an order compelling the party to disclose. Fed. R. Civ. P. 37(a). If a party then disobeys the court's order, more severe sanctions are available, including the entry of a default judgment. Fed. R. Civ. P. 37(b)(2)(C). These sanctions "are intended to 1) compensate the court and parties for the added expenses caused by discovery

6

abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County.*, 9 F.3d 924, 933 (11th Cir. 1993). Before a district court imposes the sanction of default judgment, the court must find a willful or bad faith failure to comply with its discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). But a court does not need to first impose lesser sanctions if those sanctions would be ineffective. *Id.* at 1544.

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (citation and alterations omitted). Entry of default judgment is thus only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Id.* In determining whether the pleadings stated a valid claim, we apply the same analysis used to evaluate Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Id.*

"Title III [of the ADA] prohibits discrimination by private entities in places of public accommodation." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006). A plaintiff alleging a claim under Title III must show that: (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated

against the plaintiff within the meaning of the ADA.  42 U.S.C. § 12182(a).

"Disability" means "a physical or mental impairment that substantially limits one

or more major life activities of [an] individual."  *Id.* § 12102(1).  "Places of public

accommodation" include restaurants, bars, and places of public entertainment.

*Id.* § 12181(7)(B).  Discrimination includes "a failure to remove architectural

barriers" when removal is readily achievable.  *Id.* § 12182(b)(2)(A)(iv).

If the plaintiff establishes a violation of the ADA, an injunction is an

appropriate form of relief.  *Id.* §§ 12188(a)(2), 2000a-3(a).  An injunction is proper

where the moving party shows that: (1) he "has a substantial likelihood of success

on the merits"; (2) irreparable injury will be suffered without the injunction; (3) the

threatened injury outweighs any damage the injunction would cause to the

opposing party; and (4) "the injunction would not be adverse to the public

interest."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per

curiam).

As an initial matter, Gurney does not challenge the district court's grant of

Thornton's motion for expenses or motion for sanctions to the extent it awarded

fees and expenses for Thornton's attorneys and expert, so he has abandoned any

challenge to those awards.  *See Timson*, 518 F.3d at 874 (explaining that issues not

raised by a pro se litigant are deemed abandoned).  Moreover, the district court was

within its discretion to impose default judgment as a sanction because the court (1)

followed the proper procedure before entering the default judgment; (2) determined Gurney's actions were willful and in bad faith; (3) found that a sanction of default was necessary; and (4) determined that Thornton's complaint sufficiently stated a claim for relief under the ADA warranting injunctive relief.  Accordingly, we affirm.

**AFFIRMED.**